UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO


(FILED ELECTRONICALLY)


CIVIL ACTION NO.  1:19-cv-159-GNS

UNITED STATES OF AMERICA                                        PLAINTIFF

vs.

RUSSELL F. WALKER                                              DEFENDANTS
LINDA WALKER
7302 Kentucky Highway 55 South
Columbia, KY 42728

FIRSTPLUS FINANCIAL INC.
SERVE: Any Responsible Officer
1600 Victory Drive
Dallas, TX 752352302

VAK M8 FUND LLC
SERVE: Any Responsible Officer
224 East Jerico Turnpike
South Huntington, NY 11746

BLUEGRASS CELLULAR, INC.
SERVE: Bell, Hess & Van Zant, PLC
2819 Ring Road, PO Box 844
Elizabethtown, KY  42702-0844
Attorney for Judgment Creditor


## COMPLAINT FOR FORECLOSURE

Plaintiff, the United States of America, states as follows:

1.      This is a mortgage foreclosure action brought by the United States of America on

behalf of its agency, the United States Department of Agriculture Rural Housing Service also

known as Rural Development and formerly known as Farmers Home Administration (hereinafter

collectively "RHS").

2.      Jurisdiction arises under 28 U.S.C. § 1345.  Venue is proper in this judicial division, where the subject property is located.

3.      RHS is the holder of a promissory note executed for value on June 23, 1989 ("the 1989 Note") by Anthony L. Bledsoe and Janice Bledsoe, not defendants herein.  The principal amount of the 1989 Note was $36,750.00, bearing interest at the rate of 9.75 percent per annum, and payable in monthly installments as specified in the Note.  A copy of the 1989 Note is attached as **Exhibit A** and incorporated by reference as if set forth fully herein.

4.      The 1989 Note is secured by a Real Estate Mortgage recorded on June 23, 1989 in Mortgage Book 88, Page 360, in the Office of the Clerk of Adair County, Kentucky.  Through the Mortgage, Anthony L. Bledsoe and Janice Bledsoe, husband and wife, granted RHS a first mortgage lien against the real property including all improvements, fixtures and appurtenances thereto at 7302 South Kentucky Highway 55, Columbia, Adair County, Kentucky  (the "Property")  and described in more detail in the Mortgage.  A copy of the Mortgage is attached as **Exhibit B** and incorporated by reference as if set forth fully herein.

5.      To receive loan subsidies, Anthony L. Bledsoe and Janice Bledsoe signed a Subsidy Repayment Agreement authorizing RHS to recapture, upon transfer of title or non-occupancy of the Property, any subsidies granted to them by RHS.  A copy of the Subsidy Repayment Agreement is attached as **Exhibit C** and incorporated by reference as if set forth fully herein.

6.      On March 15, 1991, Joel Daniel Loy and Margie Gale Loy, husband and wife, and not defendants herein, signed an Assumption Agreement, agreeing to assume the indebtedness of Anthony L. Bledsoe and Janice Bledsoe concerning the Property ("the debt

assumed by the Loys").  A copy of the Assumption Agreement is attached as **Exhibit D** and incorporated by reference as if set forth fully herein.

7.        RHS is the holder of a second promissory note executed for value on March 15, 1991 (the "1991 Note") by Joel Daniel Loy and Margie Gale Loy.  The principal amount of the 1991 Note was $410.00, bearing interest at the rate of 8.75 percent per annum, collectively payable in monthly installments as specified in the 1991 Note.  A copy of the 1991 Note is attached as **Exhibit E** and incorporated by reference as if set forth fully herein.

8.        The 1991 Note and the debt assumed by the Loys is secured by a Real Estate Mortgage (the "1991 Mortgage") recorded on March 15, 1991 in Mortgage Book 94, Page 56, in the Office of the Clerk of Adair County, Kentucky.  Through the 1991 Mortgage, Joel Daniel Loy and Margie Gale Loy, husband and wife, granted RHS a mortgage lien against the real property including all improvements, fixtures and appurtenances thereto at 7302 South Kentucky Highway 55, Columbia, Adair County, Kentucky  (the "Property")  and described in more detail in the Mortgage.  A copy of the Mortgage is attached as **Exhibit F** and incorporated by reference as if set forth fully herein.

9.        On August 23, 1994, Defendants **Russell F. Walker** and **Linda Walker**, husband and wife, signed an Assumption Agreement, agreeing to assume the indebtedness of Joel Daniel Loy and Margie Gale Loy concerning the Property ("the debt assumed by the Walkers").  A copy of the Assumption Agreement is attached as **Exhibit G** and incorporated by reference as if set forth fully herein.

10.       RHS is the holder of a promissory note executed for value on August 23, 1994 (the "1994 Note") by defendants **Russell F. Walker** and **Linda Walker**, husband and wife.  The principal amount of the 1994 Note was $1,480.00, bearing interest at the rate of 8 percent per

annum, and payable in monthly installments as specified in the 1994 Note.  A copy of the 1994

Note is attached as **Exhibit H** and incorporated by reference as if set forth fully herein.

11.     The 1994 Note and the the debt assumed by **Russell F. Walker** and **Linda**

**Walker** is secured by a Real Estate Mortgage ("the 1994 Mortgage") recorded on August 23,

1994 in Mortgage Book 112, Page 237, in the Office of the Clerk of Adair County, Kentucky.

Through the 1994 Mortgage, Defendants **Russell F. Walker** and **Linda Walker**, husband and

wife, granted RHS a mortgage lien against the Property.  A copy of the 1994 Mortgage is

attached as **Exhibit I** and incorporated by reference as if set forth fully herein.

12.     To receive loan subsidies, Defendants **Russell F. Walker** and **Linda Walker**,

signed a Subsidy Repayment Agreement authorizing RHS to recapture, upon transfer of title or

non-occupancy of the Property, any subsidies granted to them by RHS.  A copy of the Subsidy

Repayment Agreement is attached as **Exhibit J** and incorporated by reference as if set forth fully

herein.

13.     By Reamortization Agreement made effective January 23, 2011, Defendants

**Russell F. Walker** and **Linda Walker** for value, executed and delivered to RHS a

Reamortization Agreement which changed the terms of the Second Note.  Specifically, the

unpaid principal and the unpaid interest were combined for a new principal amount of

$33,470.70, and the amount of the monthly installment payment was increased to $304.97.  A

copy of the Reamortization Agreement is attached as **Exhibit K** and incorporated by reference as

if set forth fully herein.

14.     By Reamortization Agreement made effective February 3, 2011, Defendants

**Russell F. Walker** and **Linda Walker** for value, executed and delivered to RHS a

Reamortization Agreement which changed the terms of the Third Note.  Specifically, the unpaid

4

principal and the unpaid interest were combined for a new principal amount of $1,328.72, and the amount of the monthly installment payment was increased to $12.11. A copy of the Reamortization Agreement is attached as **Exhibit L** and incorporated by reference as if set forth fully herein.

15.     Defendants **Russell F. Walker** and **Linda Walker** defaulted on the Notes, Mortgages, Assumption Agreement, and Reamortization Agreements by failing to make payments when due.

16.     RHS has, in accordance with the loan documents, accelerated the loan and declared the entire principal balance, together with all accrued and unpaid interest and all other sums due under the loan documents, to be due and payable. Further, RHS sent notice of the default and acceleration of the loan.

17.     In accordance with the loan documents, the United States is entitled to enforce the Mortgages through this foreclosure action and to have the Property sold to pay all amounts due, together with the costs and expenses of this action.

18.     The unpaid principal balance on the 1994 Note and the debt assumed by the Walkers is $36,171.84 with accrued interest of $8,990.42 through October 1, 2019 with a total subsidy granted of $30,093.59, late charges in the amount of $66.32, and fees assessed of $21,309.93, for a total unpaid balance of $96,632.10 as of October 1, 2019. Interest is accruing on the unpaid principal balance at the rate of $12.1965 per day after October 1, 2019.

19.     The Property is indivisible and cannot be divided without materially impairing its value and the value of RHS's liens thereon.

20.     The United States does not seek through this action to impose personal liability against Defendants **Russell F. Walker** and **Linda Walker** for their default on the Notes and

Mortgages, Assumption Agreements, and Reamortization Agreements.  On October 15, 2017, Defendants **Russell F. Walker** and **Linda Walker** filed a Chapter 7 bankruptcy petition in the Bankruptcy Court for the Western District of Kentucky, Case No. 17-10975.  The Bankruptcy Court granted the Defendants **Russell F. Walker** and **Linda Walker** a discharge from personal liability on February 7, 2018.

21.     Defendant **FirstPlus Financial, Inc.** may claim an interest in the Property by virtue of a mortgage recorded on August 5, 1998 in Mortgage Book 144, Page 192 in the Adair County Clerk's Office, a copy of which is attached as **Exhibit M**.  The interest of this Defendant is inferior in rank and subordinate in priority to the prior mortgage liens on the Property in favor of RHS, and the Plaintiff calls upon this Defendant to come forth and assert their interest in or claim upon the Property, if any, and offer proof thereof, or be forever barred.

22.     Defendant **VAK M8 Fund LLC** may claim an interest in the property as a result of an assignment of mortgage dated September 5, 2014, recorded in Mortgage Book 355, Page 577 in the Office of the Clerk of Adair County, Kentucky.  **Exhibit N**: Assignments.

23.     Defendant **Bluegrass Cellular, Inc.** may claim an interest in the Property by virtue of a judgment lien recorded September 5, 2017 in Lis Pendens Book 35, Page 251, in the Adair County Clerk's Office, a copy of which is attached as **Exhibit O**.  The interest of this Defendant is inferior in rank and subordinate in priority to the prior mortgage liens on the Property in favor of RHS, and the Plaintiff calls upon this Defendant to come forth and assert their interest in or claim upon the Property, if any, and offer proof thereof, or be forever barred.

24.     There are no other persons or entities purporting to have an interest in the Property known to the Plaintiff.

WHEREFORE, Plaintiff, the United States of America, on behalf of RHS, demands:

a.      *In rem* judgment in favor of the United States and against the defendants in the Property in the principal amount of $36,171.84 with accrued interest of $8,990.42 through October 1, 2019 with a total subsidy granted of $30,093.59, late charges in the amount of $66.32, and fees assessed of $21,309.93, for a total unpaid balance of $96,632.10 as of October 1, 2019, with interest accruing at the daily rate of $12.1965 from October 1, 2019, until the date of entry of judgment, and interest thereafter according to law, plus any additional costs, disbursements and expenses advanced by the United States;

b.      That the United States be adjudged a lien on the Property, prior and superior to any and all other liens, claims, interests and demands, except liens for unpaid real estate ad valorem taxes;

c.      That the United States' lien be enforced and the Property be sold in accordance with 28 U.S.C. §§ 2001-2003 subject to easements, restrictions and stipulations of record, but free and clear of all other liens and encumbrances except liens for any unpaid ad valorem real property taxes;

d.      That the proceeds from the sale be applied first to the costs of this action, second to any ad valorem real property taxes, if any, third to the satisfaction of the debt, interest, costs and fees due the United States, with the balance remaining to be distributed to the parties as their liens or interests may appear;

e.      That the Property be adjudged indivisible and be sold as a whole; and

f.      That the United States receive any and all other lawful relief to which it may be

entitled.

UNITED STATES OF AMERICA

RUSSELL M. COLEMAN
United States Attorney


s/ William F. Campbell
William F. Campbell
Katherine A. Bell
Assistant United States Attorneys
717 West Broadway
Louisville, Kentucky  40202
Phone:  502/582-5911
Fax:    502/625-7110
bill.campbell@usdoj.gov
Katherine.bell@usdoj.gov

8

℺JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

1:19-cv-159-GNS

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

UNITED STATES OF AMERICA

**(b)**  County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)

## DEFENDANTS

RUSSELL F. WALKER, ET AL.

County of Residence of First Listed Defendant   ADAIR
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

## II.  BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- [X] 1   U.S. Government Plaintiff
- [ ] 2   U.S. Government Defendant
- [ ] 3   Federal Question (U.S. Government Not a Party)
- [ ] 4   Diversity (Indicate Citizenship of Parties in Item III)

## III.  CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV.  NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | **PERSONAL PROPERTY** | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 370 Other Fraud | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal Property Damage | [ ] 690 Other | **LABOR** | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| | [ ] 355 Motor Vehicle Product Liability | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 810 Selective Service |
| [ ] 160 Stockholders' Suits | [ ] 360 Other Personal Injury | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 190 Other Contract | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 195 Contract Product Liability | | | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 893 Environmental Matters |
| [X] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | | | |

## V.  ORIGIN   (Place an "X" in One Box Only)

- [X] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from another district (specify)
- [ ] 6  Multidistrict Litigation
- [ ] 7  Appeal to District Judge from Magistrate Judgment

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
28 U.S.C. SECTION 1345

Brief description of cause:
RURAL HOUSING SERVICE (RHS) f/k/a FARMERS HOME ADMINISTRATION (FmHA) FEDERAL FORECLOSURE

## VII.  REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $  $96,632.10

CHECK YES only if demanded in complaint:
JURY DEMAND:  [ ] Yes  [X] No

## VIII.  RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
10/30/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

USDA-FmHA
Form FmHA 1940-16
(Rev. 8/87)

**PROMISSORY NOTE**

TYPE OF LOAN

Section 502
RH Loan-I

STATE ~~Kentucky~~
COUNTY ~~Adair~~
CASE NO.

Date ~~June 23~~ , 19 ~~89~~ .

FOR VALUE RECEIVED, the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration,

United States Department of Agriculture, (herein called the "Government") at its office in ~~Columbia, Ky.~~

THE PRINCIPAL SUM OF ~~THIRTY-SIX THOUSAND SEVEN HUNDRED FIFTY AND NO/100~~

DOLLARS ($ ~~36,750.00~~ ), plus INTEREST on the UNPAID PRINCIPAL of

~~NINE AND THREE-FOURTHS~~ PERCENT ( ~~9.75~~ %) PER ANNUM.

Payment of the said Principal and Interest shall be as agreed between the Borrower and the Government using one of three alternatives as indicated below: (check one)

☐ I.  Principal and Interest payments shall be deferred. The interest accrued to _____ , 19 _____ shall be added to the Principal. Such new Principal and later accrued Interest shall be payable in _____ regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of such new Principal herein $ _____ and the amount of such regular installments in the box below, when such amounts have been determined.

☐ II.  Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____ of each _____ beginning on _____ , 19 _____ , through _____ , 19 _____ , Principal and later accrued Interest shall be paid in _____ installments as indicated in the box below;

☐ III.  Payments shall not be deferred. Principal and Interest shall be paid in ~~396~~ installments as indicated in the box below:

$ ~~312.00~~ on ~~JULY 23~~ , 19 ~~89~~ , and
$ ~~312.00~~ thereafter on the ~~23RD~~ of each ~~MONTH~~ until the PRINCIPAL and INTEREST are fully paid except that the FINAL INSTALLMENT of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and PAYABLE ~~Thirty-three~~ ( ~~33~~ ) YEARS from the DATE of this NOTE. The consideration herefor shall support any agreement modifying the foregoing schedule of payments.

Position 2                                                       FmHA 1940-16 (Rev. 8/87)


Exhibit A

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of such advance in the Record of Advances.

Payment of principal and interest shall be applied in accordance with FmHA accounting procedures in effect on the date of receipt of the payment. Borrower agrees to pay late charges in accordance with FmHA regulations in effect when a late charge is assessed.

Prepayments of scheduled installments, or any portion thereof, may be made at any time at the option of Borrower. Refunds and extra payments, as defined in the regulations (7CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied in accordance with FmHA regulations and accounting procedures in effect on the date of receipt of payments.

Borrower agrees that the Government at any time may assign this note. If the Government assigns the note and insures the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

CREDIT ELSEWHERE CERTIFICATION: Borrower hereby certifies that he/she is unable to obtain sufficient credit elsewhere to finance his/her actual needs at reasonable rates and terms, taking into consideration prevailing private and cooperative rates and terms in or near his/her community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

LEASE OR SALE OF PROPERTY: If the property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby is (1) leased or rented with an option to purchase, (2) leased or rented without option to purchase for a term exceeding 3 years, or (3) sold or title is otherwise conveyed, voluntarily or involuntarily, the Government may at its option declare the indebtedness evidenced hereby immediately due and payable.

REFINANCING AGREEMENT: Borrower hereby agrees to provide periodic financial information as requested by the Government. If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

CREDIT SALE TO NONPROGRAM BORROWER: The provisions of the paragraphs entitled "Credit Elsewhere Certification," and "Refinancing Agreement" do not apply if (1) this promissory note represents in whole or part payment for property purchased from the Government and (2) the loan represented by this promissory note was made to the borrower as an nonprogram borrower under Title V of the Housing Act of 1949, as amended, and regulations promulgated thereunder.

DEFAULT: Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under this instrument and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "TYPE OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

Presentment, protest, and notice are hereby waived.

/S/ _____ (SEAL)
                      (BORROWER)
Anthony L. Bledsoe _____ (SEAL)
                      (SPOUSE)
Janice Bledsoe
/S/
General Delivery

Glensfork, KY  42741

## RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| (1) $ | | (8) $ | | (15) $ | |
| (2) $ 36,750.00 | June 23, 1989 | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | | TOTAL $ 36,750.00 | |

☆ U.S. Government Printing Office 1987—723-431/81918

*Position 2*                      FmHA 1940-16 (Rev. 8/87)

*Position 5*

USDA FmHA
Form FmHA 427-1 KY
(Rev. 8-14-81)

## REAL ESTATE MORTGAGE FOR KENTUCKY

THIS MORTGAGE is made and entered into by __Anthony L. Bledsoe__

__and Janice Bledsoe, husband and wife__

residing in ___Adair___ County, Kentucky, whose post office

address is __General Delivery, Glensfork__ , Kentucky __42741__ ,
herein called "Borrower," and:

WHEREAS Borrower is indebted to the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, herein called the "Government," as evidenced by one or more promissory note(s) or assumption agreement(s), herein called "note," which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| 6/23/89 | $36,750.00 | 9.75% | 6/23/2022 |

(The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument will be increased after 3 years, as provided in the Farmers Home Administration regulations and the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to the Consolidated Farm and Rural Development Act, Title V of the Housing Act of 1949 or any other statute administered by the Farmers Home Administration.

And it is the purpose and intention of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note: but when the note is held by an insured holder this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower.

And this instrument also secures the recapture of any interest credit or subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. §1490a.

NOW, THEREFORE, in consideration of the loan(s) and (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower does hereby sell, convey, and assign, with general warranty, unto the Government the following property situated in the State of Kentucky,

County(ies) of __Adair__ :

*Exhibit B*

FmHA 427-1 KY (Rev. 8-14-81)

Beginning at an iron pipe at the base of a poplar tree in the old fence and existing property line between the lands of Edward Hadley and Roy Grant; thence with new division lines N 2 30 W 123 feet to a concrete marker, a new made corner, S 84 25 W 233 feet to a concrete marker, a new made corner, thence S 9 45 E 80 1/2 feet to a concrete marker in the old line between Hadley and Grant, a new made corner; thence with said line S 84 35 E 224 to place of beginning, containing one-half acre more or less, as surveyed by Ralph Collins, May 3, 1972.

This being the same lands conveyed to Anthony L. Bledsoe and Janice Bledsoe, husband and wife, by Ronald Kelley and Joyce Kelley, husband and wife, on the 23rd day of June, 1989, and recorded in Deed Book 110, at page 36, in the office of the Adair County Clerk.

being the same (or part of the same) land conveyed*

together with all rights, interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein-all of which are herein called "the property";

TO HAVE AND TO HOLD the property unto the Government and its assigns forever in fee simple.

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1)   To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2)   To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3)   If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4)   Whether or not the note is insured by the Government, the Government may at any time pay any other amounts required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5)   All advances by the Government as described in this instrument, with interest, shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

(6)   To use the loan evidenced by the note solely for purposes authorized by the Government.

(7)   To pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8)   To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9)   To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe, and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10)  To comply with all laws, ordinances, and regulations affecting the property.

(11)  To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

(12)  Neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, sub-ordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13)  At all reasonable times the Government and its agents may inspect the property to ascertain whether the cov-enants and agreements contained herein or in any supplementary agreement are being performed.

(14)  The Government may (a) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (b) release any party who is liable under the note or for the debt from liability to the Government, (c) release portions of the property and subordinate its lien, and (d) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government--whether once or often-in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15)  If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16)  Default hereunder shall constitute default under any other real estate, or under any personal property, or other security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17)  SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should any one of the parties named as Borrower die or be declared an incompetent, a bankrupt, or an insolvent, or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

(18)  The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Bor-rower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19)  Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action may be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State law. Bor-rower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent, dower, and curtesy.

(20)  If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex or national origin, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex or national origin.

(21)  This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(22)  Notices given hereunder shall be sent by certified mail, unless otherwise required by law, addressed, unless and until some other address is designated in a notice so given, in the case of the Government to Farmers Home Administration at 333 Waller Avenue, Lexington, Kentucky 40504, and in the case of Borrower at the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

(23) If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

Given under the hand(s) and seal(s) of Borrower this ____23rd____ day of ___June___ , 19 _89_ .

_Anthony L. Bledsoe_ (SEAL)
Anthony L. Bledsoe

_Janice Bledsoe_ (SEAL)
Janice Bledsoe

STATE OF KENTUCKY

COUNTY OF __ADAIR__ } ss:

Before me, ____James D. Zornes____ , a Notary Public in and for

the County of __Adair__ personally appeared __Anthony L. Bledsoe__

_____ and __Janice Bledsoe__ , his wife,

who acknowledged that they executed the foregoing instrument on the _23rd_

day of ___June___ , 19 _89_ , as their free act and deed.

WITNESS my hand and official seal this ___23rd___ day of ___June___ , 19 _89_ .

(SEAL)
My commission expires: __1/1/91__      __James D. Zornes__      *Notary Public*

### PREPARER'S STATEMENT

The form of this instrument was drafted by the Office of the General Counsel of the United States Department of Agriculture, and the material in the blank spaces in the form was inserted by or under the direction of

__James D. Zornes__
                    *(name)*
__207 Greensburg Street, P. O. Box 107, Columbia, KY   42728-0107__
                    *(address)*

                    *(Signature)*

### RECORDER'S CERTIFICATE

STATE OF KENTUCKY

COUNTY OF __ADAIR__ } ss:

I, __Joyce Rodgers__ , Clerk of the County Court for the County aforesaid, do certify

that the foregoing mortgage was on the ____23RD____ day of ___June___ , 19 _89_ , lodged for record

at _10:40_ o'clock _A_ M., whereupon the same, with the foregoing and this certificate, have been duly recorded in my office.

Given under my hand this _23RD_ day of ___June___ 19 _89_

                    JOYCE C. RODGERS
                    Clerk of _____ County Court
RECORDED IN MORTGAGE BOOK _88_,      By _Lellyn Rockford_ D C

PAGE __360__ .

FmHA Instruction 1951-I
Exhibit A

## UNITED STATES DEPARTMENT OF AGRICULTURE
### FARMERS HOME ADMINISTRATION

Subsidy Repayment Agreement

Date of Note 6/23/89  Amount of Note $36,750.00 Date of mortgage  6/23/89

Date of Note _____  Amount of Note _____  Date of mortgage _____

Type of assistance: RH 502 Assistance        1. Interest credit /XX/
                                             2. Homeownership Assistance
                                                Program / /

Address of Property: Glensfork, KY

---

          BORROWER:  Anthony L. Bledsoe

       CO-BORROWER:  Janice Bledsoe


1    This agreement entered into pursuant to 7 CFR 1951-I, between the United
States of America, acting through the Farmers Home Administration (FmHA)
(herein called "the Government") pursuant to section 521 of Title V of the
Housing Act of 1949 and the borrower(s) whose name(s) and address(es) appears
above (herein sometimes referred to as "borrower"), supplements the note(s)
from borrower to the Government as described above, and any promissory
note(s) for loans made to borrower in the future by the Government.
Such future notes, when executed, will be listed below the signature line
of this Subsidy Repayment Agreement.

2    I (we) agree to the conditions set forth in this agreement for the
repayment of the subsidy granted me (us) in the form of interest credits
or Homeownership Assistance Program (HOAP) subsidy (hereinafter called
"subsidy").

3    I (we) agree that the real property described in the mortgage(s)
listed above is pledged as security for repayment of the subsidy received
or to be received.  I (we) agree that the subsidy is due and payable upon
the transfer of title or non-occupancy of the property by me (us).  I
(we) understand that the real estate securing the loan(s) is the only
security for the subsidy received.  I (we) further understand that I (we)
will not be required to repay any of the subsidy from other than the value
(as determined by the Government) of the real estate, mortgaged by myself
(ourselves) in order to obtain a Section 502 Rural Housing (RH) loan.


(9-27-79)  SPECIAL

Exhibit C

FmHA Instruction 1951-I
Exhibit A
Page 2

4    I (we) understand that so long as I (we) continue to own the property
and occupy the dwelling as my (our) residence, I (we) may repay the principal
and interest owed on the loan and defer repaying the subsidy amount until
title to the property is conveyed or the dwelling is no longer occupied by
me (us). If such a request is made, the amount of subsidy to be repaid
will be determined when the principal and interest balance is paid. The
mortgage securing the FmHA RH loan(s) will not be released of record until
the total amount owed the Government has been repaid.

5    I (we) agree that Paragraph 6 of this agreement is null and
void should the property described in the mortgage(s) be voluntarily
conveyed to the Government or liquidated by foreclosure.

6    When the debt is satisfied by other than voluntary conveyance of the
property to the Government or by foreclosure, I (we) agree that sale
proceeds will be divided between the Government and me (us) in the
following order:

    (a)  Unpaid balance of loans secured by a prior mortgage as well as
    real estate taxes and assessments levied against the property which
    are due will be paid.

    (b)  Unpaid principal and interest owed on FmHA RH loans for the
    property and advances made by FmHA which were not subsidy and are
    still due and payable will be paid to the Government.

    (c)  I (we) will receive from the sale proceeds actual expenses
    incurred by me (us) necessary to sell the property. These may include
    sales commissions or advertising cost, appraisal fees, legal and
    related costs such as deed preparation and transfer taxes. Expenses
    incurred by me (us) in preparing the property for sale are not allowed
    unless authorized by the Government prior to incurring such expenses.
    Such expenses will be authorized only when FmHA determines such expenses
    are necessary to sell the property, or will likely result in a return
    greater than the expense being incurred.

    (d)  I (we) will receive the amount of principal paid off on the
    loan calculated at the promissory note interest rate.

    (e)  Any principal reduction attributed to subsidized interest
    calculations will be paid to the Government.

    (f)  I (we) will receive my original equity which is the difference
    between the market value of the security, as determined by the
    FmHA appraisal at the time the first loan subject to recapture of
    subsidy was made, and the amount of the FmHA loan(s) and any
    prior lien. This amount is ___-0-___ and represents
    ___-0-___ percent of the market value of the security. (The

FmHA Instruction 1951-I
Exhibit A
Page 3

percent is determined by dividing my (our) original equity by
the market value of the security when the loan was closed.)  The
dollar amounts and percent will be entered at the time this agreement
is signed by me (us) and will be part of this agreement.

(g)  The remaining balance, after the payments described in (a) thru (f)
above have been paid is called value appreciation.  The amount of
value appreciation to be paid to the Government, in repayment or
the subsidy granted, is the lesser of (1) the full amount of the subsidy or
(2) an amount determined by multiplying the value appreciation by the
appropriate factor in the following table.

Average interest rate paid by me (us)

| No. of Months the Loan was Outstanding | 1% or Less | 1.1 to 2% | 2.1 to 3% | 3.1 to 4% | 4.1 to 5% | 5.1 to 6% | 6.1 to 7% | 7.1 or greater |
|---|---|---|---|---|---|---|---|---|
| 0 to 59 | .78 | .68 | .60 | .51 | .44 | .32 | .22 | .11 |
| 60 to 119 | .75 | .66 | .58 | .49 | .42 | .31 | .21 | .11 |
| 120 to 179 | .73 | .63 | .56 | .48 | .40 | .30 | .20 | .10 |
| 180 to 239 | .65 | .56 | .49 | .42 | .36 | .26 | .18 | .09 |
| 240 to 299 | .59 | .51 | .46 | .38 | .33 | .24 | .17 | .09 |
| 300 to 359 | .53 | .45 | .40 | .34 | .29 | .21 | .14 | .09 |
| 360 to 396 | .47 | .40 | .36 | .31 | .26 | .19 | .13 | .09 |

(h)  I (we) will receive the amount of value appreciation less the
amount paid the Government as determined in (g) above.  I (we) will
also receive an additional amount in proportion to my original equity
by reducing the amount of value appreciation due to the Government by
the percent of my (our) original equity as shown in (f) above.

(i)  If I (we) am the recipient of HOAP, the amount of value appreciation
to be recaptured will be calculated as if I (we) had paid 1 percent
interest on the loan, unless the average interest rate paid by me (us)
was greater than 1 percent.  In such cases it will be determined based
on the average interest rate paid by me (us).

(j)  If this agreement is for a subsequent loan(s) only, the amount
of repayment determined in (g) above will be reduced by the following
percent:    -0-    .  This percent will be determined by dividing the
amount of the loan(s) subject to recapture by the total outstanding
RH debt.  This percentage will be entered at the time I (we) sign this
agreement.

(k)  If this agreement is for more than one loan that is subject to
recapture, the subsidy repayment computations will be based on the total
subsidy granted on all loans.

(9-27-79)  SPECIAL PN

FmHA Instruction 1951-I
Exhibit A
Page 4

7     When a FmHA RH loan is repaid by other than foreclosure, voluntary
conveyance, or sale of property, the amount of subsidy to be repaid the
Government will be determined in the same manner as described in paragraph
6 of this Exhibit but based on the appraised value determined by FmHA
instead of sales price.  In such cases, the subsidy due the Government
will remain a lien on the property until paid.  It must be paid upon non
occupancy, sale, or transfer of title to the property.

8     I (we) have read and agree to the provisions of this agreement.

_Anthony L. Bledsoe_          Borrower
Anthony L. Bledsoe
_Janice Bledsoe_          Co-Borrower
Janice Bledsoe
6-23-89
      Date signed


Accepted and Agreed to
By _Danny L. Propes_          (FmHA Official)
   Danny L. Propes
   County Supervisor          (Title)

      6-23-89
            Date


oOo

Form FmHA 1965-15
(Rev. 9-84)

U.S. Department of Agriculture
Farmers Home Administration

**ASSUMPTION AGREEMENT**
Single-Family Housing Loan(s)

☒ Sec. 502     ☐ Sec. 504
Terms:    ☒☒ Eligible
          ☐ Ineligible

Case Number: ▓▓▓▓▓▓▓▓▓▓▓

This Agreement dated ___March 15___ , 19 _91_ , is between the United States of America, acting through the Farmers Home Administration (herein called the Government), and ___Joel Daniel Loy and Margie Gale Loy, his wife___

(herein called Borrower), whose mailing address is ___2873 Bird Road, Columbia, KY   42728___ ,

The Government is the holder of debt instrument(s) secured by the following described security instrument(s) executed by ___Anthony L. Bledsoe and Janice Bledsoe___

Case Number ▓▓▓▓▓▓▓ , on real property described therein which is located in ___Adair___ County, State of ___Kentucky___ :

| Type Instrument | Date Executed | Office Where Recorded | Book/Volume/ Document Number | Page Number |
|---|---|---|---|---|
| Real Estate Mort. | 6/23/89 | County Court Clerk | 88 | 360 |
| | | | | |
| | | | | |

In consideration of the assumption of indebtedness as herein provided and the Government's consent to this assumption and related conveyance of the security property, if applicable, it is agreed as follows:

1. Borrower hereby assumes liability for and agrees to pay to the order of the Government at the office of the Farmers Home Administration shown below (or other location as may later be specified) the principal sum of _____
___THIRTY FIVE THOUSAND NINE HUNDRED NINETEEN AND 91/100___ dollars
($ _35,919.91_ ) plus interest at the rate of _____
___EIGHT AND THREE FOURTHS___ percent ( _8.75_ %) per annum, payable in installments as follows:

$ _278.00_ on ___APRIL 15___ , 19 _91_ , and

$ _278.00_ thereafter on the ___FIFTEENTH___ of each ___MONTH___

until the principal and interest are fully paid, except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable ___THIRTY THREE___ ( _33_ ) years from the date of this Agreement.

2. Payments of principal and interest shall be applied in accordance with Farmers Home Administration's accounting procedures in effect on the date of receipt of the payment. Borrower agrees to pay late charges in accordance with Farmers Home Administration regulations in effect when a late charge is assessed.

3. The provisions of the debt instrument(s) hereby assumed shall, except as modified herein, remain in full force and effect, and Borrower hereby assumes the obligations of and agrees to comply with all covenants, agreements, and conditions contained in said instrument(s), as modified herein, as though Borrower had executed them as of the date thereof as principal obligor(s).

4. Provisions of the debt and security instrument(s) which require that the borrower occupy the FmHA-financed dwelling or graduate to another credit source do not apply to assumption on ineligible terms.

5. This Agreement is subject to present regulations of the Farmers Home Administration and to its future regulations which are not inconsistent with the express provisions hereof.

UNITED STATES OF AMERICA

By _____
Danny L. Propes
County Supervisor

_____
Joel Daniel Loy          Borrower

_____
Margie Gale Loy          Borrower

FARMERS HOME ADMINISTRATION *(Title)*
FmHA County Office Address: ___P.O. Box 228, Columbia, KY   42728___
**ORIGINAL - COUNTY OFFICE LOCKED FILE**

*Position 2*

*Exhibit D*

FmHA 1965-15 (Rev. 9-84)

USDA-FmHA
Form FmHA 1940-16
(Rev. 8/87)

**PROMISSORY NOTE**

| TYPE OF LOAN |
| --- |
| RH- S Section 502 |

*M G L*

| STATE |
| --- |
| Kentucky |
| COUNTY |
| Adair |
| CASE NO. |
| |

Date ___March 15_____, 19**91**.

**FOR VALUE RECEIVED,** the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration,

United States Department of Agriculture, (herein called the "Government") at its office in ___Columbia, Kentucky___

THE PRINCIPAL SUM OF ___FOUR HUNDRED TEN AND NO/100___

DOLLARS ($___410.00_____), plus INTEREST on the UNPAID PRINCIPAL of

___EIGHT AND THREE-FOURTHS___ PERCENT (___8.75___ %) PER ANNUM.

Payment of the said Principal and Interest shall be as agreed between the Borrower and the Government using one of three alternatives as indicated below: (check one)

☐ I.  Principal and Interest payments shall be deferred. The interest accrued to _____, 19____

shall be added to the Principal. Such new Principal and later accrued Interest shall be payable in _____ regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of

such new Principal herein $_____ and the amount of such regular installments in the box below, when such amounts have been determined.

☐ II.  Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____

of each _____ beginning on _____, 19____, through _____, 19____,

Principal and later accrued Interest shall be paid in _____ installments as indicated in the box below;

☒ III.  Payments shall not be deferred. Principal and Interest shall be paid in ___396___ installments as indicated in the box below:

$___4.00_____ on ___April 15___, 19**91**, and

$___4.00_____thereafter on the ___15th___ of each ___MONTH___

until the **PRINCIPAL** and **INTEREST** are fully paid except that the **FINAL INSTALLMENT** of the entire indebtedness

evidenced hereby, if not sooner paid, shall be due and **PAYABLE** ___Thirty-three___ (___33___) **YEARS** from the **DATE** of this **NOTE**. The consideration herefor shall support any agreement modifying the foregoing schedule of payments.

Exhibit E

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of such advance in the Record of Advances.

Payment of principal and interest shall be applied in accordance with FmHA accounting procedures in effect on the date of receipt of the payment. Borrower agrees to pay late charges in accordance with FmHA regulations in effect when a late charge is assessed.

Prepayments of scheduled installments, or any portion thereof, may be made at any time of the option of Borrower. Refunds and extra payments, as defined in the regulations (7CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied in accordance with FmHA regulations and accounting procedures in effect on the date of receipt of payments.

Borrower agrees that the Government at any time may assign this note. If the Government assigns the note and insures the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the pre-payment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

CREDIT ELSEWHERE CERTIFICATION: Borrower hereby certifies that he/she is unable to obtain sufficient credit else-where to finance his/her actual needs at reasonable rates and terms, taking into consideration prevailing private and coopera-tive rates and terms in or near his/her community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

LEASE OR SALE OF PROPERTY: If the property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby is (1) leased or rented with an option to purchase, (2) leased or rented without option to purchase for a term exceeding 3 years, or (3) sold or title is otherwise conveyed, voluntarily or involuntarily, the Government may at its option declare the indebtedness evidenced hereby immediately due and payable.

REFINANCING AGREEMENT: Borrower hereby agrees to provide periodic financial information as requested by the Government. If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

CREDIT SALE TO NONPROGRAM BORROWER: The provisions of the paragraphs entitled "Credit Elsewhere Certifica-tion," and "Refinancing Agreement" do not apply if (1) this promissory note represents in whole or part payment for prop-erty purchased from the Government and (2) the loan represented by this promissory note was made to the borrower as a nonprogram borrower under Title V of the Housing Act of 1949, as amended, and regulations promulgated thereunder.

DEFAULT: Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under this instrument and any other instrument evidencing a debt of Borrower owing to, insured or Guar-anteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "TYPE OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

Presentment, protest, and notice are hereby waived.

_____ (SEAL)
Joel Daniel Loy                    *(BORROWER)*

_____ (SEAL)
Margie Gale Loy                    *(SPOUSE)*


2873 Bird Road
_____

Columbia, KY  42728
_____

| RECORD OF ADVANCES | | | | | |
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| (1) $ 410.00 | 03/15/91 | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | TOTAL | $ 410.00 | |

☆ U.S. Government Printing Office: 1987—723-431/81518

*Position 2*                    FmHA 1940-16 (Rev. 8/87)

*Position 5*

94/52

BSDA-FmHA
FORM FmHA 427-1 KY
(Rev. 10-89)

### REAL ESTATE MORTGAGE FOR KENTUCKY

THIS MORTGAGE is made and entered into by   **Joel Daniel Loy and Margie Gale Loy,**

**husband and wife,**

residing in   **Adair**   County, Kentucky, whose post office

address is   **2823 Bird Road, Columbia**   , Kentucky **42728** ,

herein called "Borrower," and:

WHEREAS Borrower is indebted to the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, herein called the "Government," as evidenced by one or more promissory note(s) or assumption agreement(s) or any shared appreciation or recapture agreement, herein called "note," which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| 03/15/91 | $  410.00 | 8.75% | 03/15/24 |
| 03/15/91 | 35,919.91 | 8.75% | 03/15/24 |

(The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument may be increased as provided in the Farmers Home Administration regulations and the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to the Consolidated Farm and Rural Development Act, Title V of the Housing Act of 1949 or any other statute administered by the Farmers Home Administration.

And it is the purpose and intention of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower.

And this instrument also secures the recapture of any interest credit or subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. §1490a, or any amounts due under any Shared Appreciation Agreement/Recapture Agreement entered into pursuant to 7 U.S.C. 2001.

NOW, THEREFORE, in consideration of the loan(s) and (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower does hereby sell, convey, and assign, with general warranty, unto the Government the following property situated in the State of Kentucky,

County(ies) of   **Adair**   :

FmHA 427-1 KY (Rev. 10-89)

Exhibit F

57

Beginning at an iron pipe at the base of a poplar tree in the old fence and existing property line between the lands of Edward Hadley and Roy Grant; thence with new division lines N 2 30 W 123 feet to a concrete marker, a new made corner, S 84 25 W 233 feet to a concrete marker, a new made corner, thence S 9 45 E 80 1/2 feet to a concrete marker in the old line between Hadley and Grant, a new made corner; thence with said line S 84 35 E 224 to place of beginning, containing one-half acre more or less, as surveyed by Ralph Collins, May 3, 1972.

This being the same lands conveyed to Joel Daniel Loy and Margie Gale Loy, husband and wife, by Anthony L. Bledsoe and Janice Bledsoe, husband and wife, on the 15th day of March, 1991, and recorded in Deed Book 177, at page 252, in the office of the Adair County Clerk.

*J. D. L.*
*M G L*

being the same (or part of the same) land conveyed*

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein-all of which are herein called "the property";

TO HAVE AND TO HOLD the property unto the Government and its assigns forever in fee simple.

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1)   To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its issuance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2)   To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3)   If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4)   Whether or not the note is insured by the Government, the Government may at any time pay any other amounts required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5)   All advances by the Government as described in this instrument, with interest, shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

(6)   To use the loan evidenced by the note solely for purposes authorized by the Government.

(7)   To pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8)   To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9)   To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe, and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10)   To comply with all laws, ordinances, and regulations affecting the property.

58

(11) To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

(12) Except as otherwise provided by the Farmers Home Administration regulations, neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13) At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14) The Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (d) release any party who is liable under the note or for the debt from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government—whether once or often—in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15) If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16) Default hereunder shall constitute default under any other real estate, or under any personal property, or other security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17) SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should any one of the parties named as Borrower die or be declared an incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent, or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice or hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

(18) The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19) Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action may be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State law. Borrower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent, dower, and curtesy.

(20) If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex or national origin, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex or national origin.

(21) Borrower further agrees that the loan(s) secured by this instrument will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as further explained in 7 CFR Part 1940, Subpart G, Exhibit M.

(22) This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(23) Notices given hereunder shall be sent by certified mail, unless otherwise required by law, addressed, unless and until some other address is designated in a notice so given, in the case of the Government to Farmers Home Administration at 333 Waller Avenue, Lexington, Kentucky 40504, and in the case of Borrower at the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

(24) If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

59

Given under the hand(s) and seal(s) of Borrower this ___15th___ day of ___March___ , 19 91 .

_____ (SEAL)
Joel Daniel Loy

_____ (SEAL)
Margie Gale Loy

STATE OF KENTUCKY
COUNTY OF ___Adair___ } ss:

Before me, ___James D. Zornes___ , a Notary Public in and for

'ounty of ___Adair___ personally appeared ___Joel Daniel Loy___

_____ and ___Margie Gale Loy___ , his wife,

who acknowledged that they executed the foregoing instrument on the ___15th___

day of ___March___ , 19 91 , as their free act and deed.

WITNESS my hand and official seal this ___15th___ day of ___March___ , 19 91 .

(SEAL)
My commission expires: ___1/1/95___              James D. Zornes              Notary Public

## PREPARER'S STATEMENT

The form of this instrument was drafted by the Office of the General Counsel of the United States Department of Agriculture, and the material in the blank spaces in the form was inserted by or under the direction of

___James D. Zornes___
                                    (name)

P. O. Box 107, 207 Greensburg Street, Columbia, KY 42728
                                    (address)

                                                                        (Signature)

## RECORDER'S CERTIFICATE

STATE OF KENTUCKY
COUNTY OF ___Adair___ } ss:

I, ___Joyce C. Rodgers___ , Clerk of the County Court for the County aforesaid, do certify

that the foregoing mortgage was on the ___15___ day of ___March___ , 19 9, lodged for record

at 10:15 o'clock ___A___ M., whereupon the same, with the foregoing and this certificate, have been duly recorded in my office.

Given under my hand this ___15th___ day of ___March___ , 19 91 .

Mortgage Book 94                    Joyce C. Rodgers
Page ___56___ .              Clerk of                              County Court

              By _____ , D.C.

USDA-FmHA
Form FmHA 1965-15
(Rev. 6-90)

**FORM APPROVED**
**OMB No. 0575-0086**

Type of Loan ___RH___

☒ Sec. 502   ☐ Non Program   ☐ Sec. 504

**ASSUMPTION AGREEMENT**
**Single-Family Housing Loan(s)**

Case Number: ▓▓▓▓▓▓▓▓▓▓

This Agreement dated ___AUGUST 23___, 19 _94_, is between the United States of America, acting through the Farmers Home Administration (herein called the Government), and ___Russell F. Walker and Linda Walker, his wife___

(herein called Borrower), whose mailing address is ___7302 KY Highway 55 South, Glensfork, KY 42741___

The Government is the holder of debt instrument(s) secured by the following described security instrument(s) executed by ___Joel Daniel Loy and Margie Gale Loy___

Case Number ▓▓▓▓▓▓▓▓▓▓, on real property described therein which is located in ___Adair___ County, State of ___Kentucky___ :

| Type Instrument | Date Executed | Office Where Recorded | Book/Volume/Document Number | Page Number |
|---|---|---|---|---|
| Real Estate Mortgage | 3-15-91 | County Court Clerk | 94 | 56 |
| Real Estate Mortgage | 6-23-89 | County Court Clerk | 88 | 360 |

In consideration of the assumption of indebtedness as herein provided and the Government's consent to this assumption and related conveyance of the security property, if applicable, it is agreed as follows:

1. Borrower hereby assumes liability for and agrees to pay to the order of the Government at the office of the Farmers Home Administration shown below (or other location as may later be specified) the principal sum of ___THIRTY FOUR THOUSAND THREE HUNDRED AND NO/100___ dollars ($ _34,300.00_ ) plus interest at the rate of ___EIGHT___ percent ( _8_ %) per annum, payable in installments as follows:

$ _247.00_ on ___SEPTEMBER 23___, 19 _94_, and

$ _247.00_ thereafter on the ___TWENTY THIRD___ of each ___MONTH___ until the principal and interest are fully paid, except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable ___THIRTY THREE___ ( _33_ ) years from the date of this Agreement.

2. Payments of principal and interest shall be applied in accordance with Farmers Home Administration's accounting procedures in effect on the date of receipt of the payment. Borrower agrees to pay late charges in accordance with Farmers Home Administration regulations in effect when a late charge is assessed.

3. The provisions of the debt instrument(s) hereby assumed shall, except as modified herein, remain in full force and effect, and Borrower hereby assumes the obligations of and agrees to comply with all covenants, agreements, and conditions contained in said instrument(s), as modified herein, as though Borrower had executed them as of the date thereof as principal obligor(s).

4. Provisions of the debt and security instrument(s) which require that the borrower occupy the FmHA-financed dwelling or graduate to another credit source do not apply to assumption on ineligible (Non Program) terms.

5. This Agreement is subject to present regulations of the Farmers Home Administration and to its future regulations which are not consistent with the express provisions hereof.

_____
(Co-signer)

**UNITED STATES OF AMERICA**
**FARMERS HOME ADMINISTRATION**

By _Danny L. Propes_
Danny L. Propes

Title _County Supervisor_

Date _8-23-94_

_Russell F. Walker_
Russell F. Walker   Borrower

_Linda Walker_
Linda Walker   Borrower

Former Borrower Released From
Liability ___YES___

FmHA County Office Address: _P.O. Box 28, Columbia, KY  42728_

**ORIGINAL - COUNTY OFFICE LOCKED FILE**

*Position 2*

_Exhibit G_

FmHA 1965-15 (Rev. 6-90)

USDA-FmHA
Form FmHA 1940-16
(Rev. 4-91)

**PROMISSORY NOTE**

| TYPE OF LOAN | |
|---|---|
| RH-1 | Section 502 |

*Bed.# 5601/*
*Pro elte 8/24/94*
*AT.CPT*

| STATE | KENTUCKY |
|---|---|
| COUNTY | ADAIR |
| CASE NO. | ▓▓▓▓▓ |

Date __August 23__, 19 **94**.

    **FOR VALUE RECEIVED**, the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration,

United States Department of Agriculture, (herein called the "Government") at its office in __Columbia, Kentucky__

THE PRINCIPAL SUM OF __ONE THOUSAND FOUR HUNDRED EIGHTY AND NO/100__

DOLLARS ($ __1480.00__ ), plus INTEREST on the UNPAID PRINCIPAL of

__EIGHT__ PERCENT ( __8__ %) PER ANNUM.

Payment of the said Principal and Interest shall be as agreed between the Borrower and the Government using one of three alternatives as indicated below: (check one)

☐ I.    Principal and Interest payments shall be deferred. The interest accrued to _____, 19___

shall be added to the Principal. Such new Principal and later accrued Interest shall be payable in _____ regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of

such new Principal herein $_____ and the amount of such regular installments in the box below, when such amounts have been determined.

☐ II.    Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____

of each _____ beginning on _____, 19___, through _____, 19___,

Principal and later accrued Interest shall be paid in _____ installments as indicated in the box below;

☒ III.    Payments shall not be deferred. Principal and Interest shall be paid in __396__ installments as indicated in the box below:

$ __11.00__ on __September 23__, 19**94**, and

$ __11.00__ thereafter on the __23rd__ of each __month__ until the **PRINCIPAL** and **INTEREST** are fully paid except that the **FINAL INSTALLMENT** of the entire indebtedness

evidenced hereby, if not sooner paid, shall be due and **PAYABLE THIRTY-THREE** ( __33__ ) **YEARS** from the **DATE** of this **NOTE**. The consideration herefor shall support any agreement modifying the foregoing schedule of payments.

*Exhibit H*

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of such advance in the Record of Advances.

Payment of principal and interest shall be applied in accordance with FmHA accounting procedures in effect on the date of receipt of the payment. Borrower agrees to pay late charges in accordance with FmHA regulations in effect when a late charge is assessed.

Prepayments of scheduled installments, or any portion thereof, may be made at any time of the option of Borrower. Refunds and extra payments, as defined in the regulations (7CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied in accordance with FmHA regulations and accounting procedures in effect on the date of receipt of payments.

Borrower agrees that the Government at any time may assign this note. If the Government assigns the note and insures the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the pre-payment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

**CREDIT ELSEWHERE CERTIFICATION:** Borrower hereby certifies that he/she is unable to obtain sufficient credit else-where to finance his/her actual needs at reasonable rates and terms, taking into consideration prevailing private and coopera-tive rates and terms in or near his/her community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

**LEASE OR SALE OF PROPERTY:** If the property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby is (1) leased or rented with an option to purchase, (2) leased or rented without option to purchase for a term exceeding 3 years, or (3) sold or title is otherwise conveyed, voluntarily or involuntarily, the Government may at its option declare the indebtedness evidenced hereby immediately due and payable.

**REFINANCING AGREEMENT:** Borrower hereby agrees to provide periodic financial information as requested by the Government. If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

**CREDIT SALE TO NONPROGRAM BORROWER:** The provisions of the paragraphs entitled "Credit Elsewhere Certifica-tion," and "Refinancing Agreement" do not apply if (1) this promissory note represents in whole or part payment for prop-erty purchased from the Government and (2) the loan represented by this promissory note was made to the borrower as an nonprogram borrower under Title V of the Housing Act of 1949, as amended, and regulations promulgated thereunder.

**DEFAULT:** Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under this instrument and any other instrument evidencing a debt of Borrower owing to, insured or Guar-anteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

**SUBSIDY REPAYMENT AGREEMENT:** Borrower agrees to the repayment (recapture) of subsidy granted in the form of interest credits. Subsidy will be repaid when the borrower's account is settled by sale of the security property, refinancing or payment in full and will be calculated in accordance with regulations in effect at the time of settlement. Recapture is based on property appreciation and can equal all, some or none but never exceed the amount of subsidy received.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "TYPE OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

**WARNING:** Failure to fully disclose accurate and truthful financial information may result in the termination of program assistance currently being received, and the denial of future program assistance under USDA's Debarment regulations, 7 CFR Part 3017.

Presentment, protest, and notice are hereby waived.

/S/

RUSSELL F. WALKER    (BORROWER)    (SEAL)

/S/

LINDA WALKER    (CO-BORROWER)    (SEAL)

7302 Ky. Highway 55 South

Glensfork, KY  42741

## RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| (1) $ 1480.00 | 8/23/94 | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | | TOTAL $ 1480.00 | |

*Position 5*

USDA-FmHA
Form FmHA 427-1 KY
(Rev. 6-91)

112/237

## REAL ESTATE MORTGAGE FOR KENTUCKY

THIS MORTGAGE is made and entered into by _____ **Russell F. Walker and**

**Linda Walker, husband and wife**

residing in _____ **Adair** _____ County, Kentucky, whose post office

address is ___ **7302 Ky. Highway 55 South, Glensfork, KY** ___, Kentucky, **42741** ,

herein called "Borrower," and:

WHEREAS Borrower is indebted to the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, herein called the "Government," as evidenced by one or more promissory note(s) or assumption agreement(s) or any shared appreciation or recapture agreement, herein called "note," which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| * 3/15/91 | $35,919.91 | 8.75% | 3/15/2024 |
| 3/15/91 | 410.00 | 8.75% | 3/15/2024 |

The above described promissory note and (*) assumption agreement which have a current balance of $34,300.00 have been modified by an assumption agreement dated 8-23-94 as follows:

| | | | |
|---|---|---|---|
| 8-23-94 | $34,300.00 | 8% | 8/23/2027 |
| 8-23-94 | 1,480.00 | 8% | 8/23/2027 |

(The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument may be increased as provided in the Farmers Home Administration regulations and the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to the Consolidated Farm and Rural Development Act, Title V of the Housing Act of 1949 or any other statute administered by the Farmers Home Administration.

And it is the purpose and intention of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower.

And this instrument also secures the recapture of any interest credit or subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. §1490a, or any amounts due under any Shared Appreciation Agreement/Recapture Agreement entered into pursuant to 7 U.S.C. 2001.

NOW, THEREFORE, in consideration of the loan(s) and (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower does hereby sell, convey, and assign, with general warranty, unto the Government the following property situated in the State of Kentucky,

County(ies) of _____ **Adair** _____

Beginning at an iron pipe at the base of a poplar tree in the old fence and existing property line between the lands of Edward Hadley and Roy Grant; thence with new division lines N 2 30 W 123 feet to a concrete marker, a new made corner, S 84 25 W 233 feet to a concrete marker, a new made corner, thence S 9 45 E 80 1/2 feet to a concrete marker in the old line between Hadley and Grant, a new made corner; thence with said line S 84 35 E 224 to place of beginning, containing one-half acre more or less, as surveyed by Ralph Collins, May 3, 1972.

FmHA 427-1 KY (Rev. 6-91)

DEL:8//23/94
TO:FHA (MATL)

*Exhibit I*

238

That for source of title to the above described real property, it is the same property conveyed to Russell.F. Walker and Linda Walker, his wife, by deed of Joel Daniel Loy et ux, dated March 25, 1995 and appears of record in Deed Book 200 , Page 505 , records Adair County Clerk's Office.

being the same (or part of the same) land conveyed*

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein-all of which are herein called "the property"; All rents, profits and income from the property covered by this mortgage are hereby assigned to the mortgage for the purpose of discharging the debt hereby secured. Permission is hereby given to the mortgagor, so long as no default exist hereunder, to collect such rents, profits and income for use in accordance with Farmers Home Administration regulations.

TO HAVE AND TO HOLD the property unto the Government and its assigns forever in fee simple.

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1) To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2) To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3) If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4) Whether or not the note is insured by the Government, the Government may at any time pay any other amounts required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5) All advances by the Government as described in this instrument, with interest, shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

(6) To use the loan evidenced by the note solely for purposes authorized by the Government.

(7) To pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8) To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9) To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe, and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10) To comply with all laws, ordinances, and regulations affecting the property.

239

(11) To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property. Upon termination of this mortgage, after payment in full, the mortgagee, at the mortgagor's expense, shall execute and file of record such instruments of release, satisfaction and termination in proper form pursuant to the requirements contained in KRS 382.365.

(12) Except as otherwise provided by the Farmers Home Administration regulations, neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial release, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13) At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14) The Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (d) release any party who is liable under the note or for the debt from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government—whether once or often—in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15) If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16) Default hereunder shall constitute default under any other real estate, or under any personal property, or other security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17) SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should any one of the parties named as Borrower die or be declared an incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent, or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

(18) The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debt of Borrower owing to or insured by the Government, in the order prescribed above.

(19) Borrower agrees that the Government will not be bound by any present or future State law, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action may be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State law. Borrower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent, dower, and curtesy.

(20) If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, handicap, familial status, age or national origin, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, handicap, familial status, age or national origin.

(21) Borrower further agrees that the loan(s) secured by this instrument will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as further explained in 7 CFR Part 1940, Subpart G, Exhibit M.

(22) This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(23) Notices given hereunder shall be sent by certified mail, unless otherwise required by law, addressed, and unless and until some other address is designated in a notice so given in the case of the Government to Farmers Home Administration at 333 Waller Avenue, Lexington, Kentucky 40504, and in the case of Borrower at the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

(24) If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

**240**

Given under the hand(s) and seal(s) of Borrower this _____ 23rd day of August _____, 19 94.

Russell F. Walker _____ (SEAL)

Linda Walker _____ (SEAL)

STATE OF KENTUCKY

COUNTY OF ADAIR } ss:

Before me, Ray Hutchison, Jr. _____, a Notary Public in and for

the County of Adair _____ personally appeared Russell F. Walker

_____ and Linda Walker _____, his wife,

who acknowledged that they executed the foregoing instrument on the _____ 23rd

day of August _____, 19 94, as their free act and deed.

WITNESS my hand and official seal this _____ 23rd day of August _____, 19 94.

(SEAL)

My commission expires: October 23, 1996 _____ Notary Public

## PREPARER'S STATEMENT

The form of this instrument was drafted by the Office of the General Counsel of the United States Department of Agriculture, and the material in the blank spaces in the form was inserted by or under the direction of

Ray Hutchison, Jr.
(name)

Adair Co. Courthouse, Suite 4, Columbia, KY 42728
(address)

_____ (Signature)

## RECORDER'S CERTIFICATE

STATE OF KENTUCKY

COUNTY OF Adair } ss:

I, Jaye C. Rodgers _____, Clerk of the County Court for the County aforesaid, do certify

that the foregoing mortgage was on the 23 day of Aug , 19 94, lodged for record

at 1:45 o'clock P M., whereupon the same, with the foregoing and this certificate, have been duly recorded in my office.

Given under my hand this 23 day of Aug , 19 94.

Jaye C. Rodgers
Clerk _____ County Court

RECORDED IN Mtg BOOK 112 By Sheila Blair _____, D.C.

PAGE 237

*U.S. Government Printing Office: 1991 — 558-764

FmHA Instruction 1951-I
Exhibit A

## UNITED STATES DEPARTMENT OF AGRICULTURE
### FARMERS HOME ADMINISTRATION

### Subsidy Repayment Agreement

Date of Note _Aug 23, 1994_ Amount of Note _1,480.00_   Date of mortgage _August 23, 1994_

Date of Note _8/23/94_ A.A. Amount of Note _34,300._ A.A.   Date of mortgage _8/23/94_

Type of assistance: RH-502

1. Interest credit /X/
2. Homeownership Assistance Program / /

Address of Property: _7302 KY Highway 55 South_

_Glensfork, KY_

BORROWER: Russell F. Walker

CO-BORROWER: Linda Walker

1   This agreement entered into pursuant to 7 CFR 1951-I, between the United States of America, acting through the Farmers Home Administration (FmHA) (herein called "the Government") pursuant to section 521 of Title V of the Housing Act of 1949 and the borrower(s) whose name(s) and address(es) appears above (herein sometimes referred to as "borrower"), supplements the note(s) from borrower to the Government as described above, and any promissory note(s) for loans made to borrower in the future by the Government. Such future notes, when executed, will be listed below the signature line of this Subsidy Repayment Agreement.

2   I (we) agree to the conditions set forth in this agreement for the repayment of the subsidy granted me (us) in the form of interest credits or Homeownership Assistance Program (HOAP) subsidy (hereinafter called "subsidy").

3   I (we) agree that the real property described in the mortgage(s) listed above is pledged as security for repayment of the subsidy received or to be received. I (we) agree that the subsidy is due and payable upon the transfer of title or non-occupancy of the property by me (us). I (we) understand that the real estate securing the loan(s) is the only security for the subsidy received. I (we) further understand that I (we) will not be required to repay any of the subsidy from other than the value (as determined by the Government) of the real estate, mortgaged by myself (ourselves) in order to obtain a Section 502 Rural Housing (RH) loan.

(9-27-79)   SPECIAL PN

Exhibit J

FmHA Instruction 1951-I
Exhibit A
Page 2

4    I (we) understand that so long as I (we) continue to own the property
and occupy the dwelling as my (our) residence, I (we) may repay the principal
and interest owed on the loan and defer repaying the subsidy amount until
title to the property is conveyed or the dwelling is no longer occupied by
me (us).  If such a request is made, the amount of subsidy to be repaid
will be determined when the principal and interest balance is paid.  The
mortgage securing the FmHA RH loan(s) will not be released of record until
the total amount owed the Government has been repaid.

5    I (we) agree that Paragraph 6 of this agreement is null and
void should the property described in the mortgage(s) be voluntarily
conveyed to the Government or liquidated by foreclosure.

6    When the debt is satisfied by other than voluntary conveyance of the
property to the Government or by foreclosure, I (we) agree that sale
proceeds will be divided between the Government and me (us) in the
following order:

   (a)  Unpaid balance of loans secured by a prior mortgage as well as
   real estate taxes and assessments levied against the property which
   are due will be paid.

   (b)  Unpaid principal and interest owed on FmHA RH loans for the
   property and advances made by FmHA which were not subsidy and are
   still due and payable will be paid to the Government.

   (c)  I (we) will receive from the sale proceeds actual expenses
   incurred by me (us) necessary to sell the property.  These may include
   sales commissions or advertising cost, appraisal fees, legal and
   related costs such as deed preparation and transfer taxes.  Expenses
   incurred by me (us) in preparing the property for sale are not allowed
   unless authorized by the Government prior to incurring such expenses.
   Such expenses will be authorized only when FmHA determines such expenses
   are necessary to sell the property, or will likely result in a return
   greater than the expense being incurred.

   (d)  I (we) will receive the amount of principal paid off on the
   loan calculated at the promissory note interest rate.

   (e)  Any principal reduction attributed to subsidized interest
   calculations will be paid to the Government.

   (f)  I (we) will receive my original equity which is the difference
   between the market value of the security, as determined by the
   FmHA appraisal at the time the first loan subject to recapture of
   subsidy was made, and the amount of the FmHA loan(s) and any
   prior lien.  This amount is _____-0-_____ and represents
        N/A        percent of the market value of the security.  (The

FmHA Instruction 1951-L
Exhibit A
Page 3

percent is determined by dividing my (our) original equity by
the market value of the security when the loan was closed.)  The
dollar amounts and percent will be entered at the time this agreement
is signed by me (us) and will be part of this agreement.

(g)  The remaining balance, after the payments described in (a) thru (f)
above have been paid is called value appreciation.  The amount of
value appreciation to be paid to the Government, in repayment or
the subsidy granted, is the lesser of (1) the full amount of the subsidy or
(2) an amount determined by multiplying the value appreciation by the
appropriate factor in the following table.

Average interest rate paid by me (us)

| No. of Months the Loan was Outstanding | 1% or Less | 1.1 to 2% | 2.1 to 3% | 3.1 to 4% | 4.1 to 5% | 5.1 to 6% | 6.1 to 7% | 7.1 or greater |
|---|---|---|---|---|---|---|---|---|
| 0 to 59 | .78 | .68 | .60 | .51 | .44 | .32 | .22 | .11 |
| 60 to 119 | .75 | .66 | .58 | .49 | .42 | .31 | .21 | .11 |
| 120 to 179 | .73 | .63 | .56 | .48 | .40 | .30 | .20 | .10 |
| 180 to 239 | .65 | .56 | .49 | .42 | .36 | .26 | .18 | .09 |
| 240 to 299 | .59 | .51 | .46 | .38 | .33 | .24 | .17 | .09 |
| 300 to 359 | .53 | .45 | .40 | .34 | .29 | .21 | .14 | .09 |
| 360 to 396 | .47 | .40 | .36 | .31 | .26 | .19 | .13 | .09 |

(h)  I (we) will receive the amount of value appreciation less the
amount paid the Government as determined in (g) above.  I (we) will
also receive an additional amount in proportion to my original equity
by reducing the amount of value appreciation due to the Government by
the percent of my (our) original equity as shown in (f) above.

(i)  If I (we) am the recipient of HOAP, the amount of value appreciation
to be recaptured will be calculated as if I (we) had paid 1 percent
interest on the loan, unless the average interest rate paid by me (us)
was greater than 1 percent.  In such cases it will be determined based
on the average interest rate paid by me (us).

(j)  If this agreement is for a subsequent loan(s) only, the amount
of repayment determined in (g) above will be reduced by the following
percent:  N/A____.  This percent will be determined by dividing the
amount of the loan(s) subject to recapture by the total outstanding
RH debt.  This percentage will be entered at the time I (we) sign this
agreement.

(k)  If this agreement is for more than one loan that is subject to
recapture, the subsidy repayment computations will be based on the total
subsidy granted on all loans.

(9-27-79)  SPECIAL PN

FmHA Instruction 1951-I
Exhibit A
Page 4

7    When a FmHA RH loan is repaid by other than foreclosure, voluntary
conveyance, or sale of property, the amount of subsidy to be repaid the
Government will be determined in the same manner as described in paragraph
6 of this Exhibit but based on the appraised value determined by FmHA
instead of sales price.  In such cases, the subsidy due the Government
will remain a lien on the property until paid.  It must be paid upon non
occupancy, sale, or transfer of title to the property.

8    I (we) have read and agree to the provisions of this agreement.


_Russel F. Walker_                Borrower
Russell F. Walker
_Linda Walker_                 Co-Borrower
Linda Walker
_August 23, 1994_
        Date signed


Accepted and Agreed to
By _Danny L. Propes_                 (FmHA Official)
Danny L. Propes
County Supervisor                    (Title)

_8-23-94_
        Date

oOo

### REAMORTIZATION AGREEMENT

RECEIVED

FEB 2 3 2011

LOSS MITIGAT
SECTION

Account Number

Effective Date
February  3, 2011

The United States of America, acting through the Rural Housing Service,
United States Department of Agriculture (Lender), is the owner and
holder of a promissory note or assumption agreement (Note) in the
principal sum of $      1480.00, plus interest on the unpaid principal of
8.00000% per year, executed by RUSSELL F WALKER _____ and
LINDA WALKER _____, (Borrower) dated    August 23,  1994
and payable to the order of the Lender.  The current outstanding balance
includes unpaid principal, accrued unpaid interest, unpaid advances and
fees.  The total outstanding balance is $     1328.72.

In consideration of the reamortization of the note or assumption
agreement and the promises contained in this agreement, the outstanding
balance is capitalized and is now principal to be repaid at  8.00000%
per annum at $       12.11 per month beginning     March 03, 2011 and on
the  3rd day of each succeeding month until the principal
and interest are paid, except that the final installment of the
entire debt, if not paid sooner, will be due and payable on
    August 03, 2027.

If the outstanding loan balance prior to reamortization was reduced
by a payment which was later determined to be uncollectible, Rural
Development will charge the account with an amount equal to the
uncollectible payments.  This amount is due and payable on the
effective date it is charged to the account and may accrue interest
at the promissory note rate.

Subject to applicable law or to a written waiver by Lender, Borrower
shall pay to lender on the day monthly payments are due under the Note,
until the Note is paid in full, a sum ("Funds") for : (a) yearly taxes
and assessments which may attain priority over Lender's mortgage or deed
of trust (Security Instrument) as a lien on the secured property
described in the Security Agreement (Property); (b) yearly leasehold
payments or ground rents on the Property, if any; (c) yearly hazard or
property insurance premiums; and (d) yearly flood insurance premiums, if
any.  These items are called "Escrow Items."  Lender may, at any time,
collect and hold funds in an amount not to exceed the maximum amount a
lender for a federally related mortgage loan, may require for Borrower's
escrow account under the federal Real Estate Settlement Procedures Act
of 1974 as amended from time to time, 12 U.S.C. Section 2601 et seq.
("RESPA"), unless another law or federal regulation that applies to the
funds sets a lesser amount.  If so, Lender may, at any time, collect and
hold funds in an amount not to exceed the lesser amount.  Lender may
estimate the amount of Funds due on the basis of current data and
reasonable estimates of expenditures of future Escrow Items or otherwise
in accordance with applicable law.

*Exhibit L*

The funds shall be held by a federal agency, including Lender, or in an institution whose deposits are insured by a federal agency, instrumentality, or entity. Lender shall apply funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits the Lender to make such charge. However, Lender may require borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the funds.

Lender shall give to borrower, without charge, an annual accounting of the funds, showing credits and debits to the funds and the purpose for which each debit to the Funds was made. The funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

Unless changed by this agreement, all of the terms of the note or assumption agreement or the instruments that secure them, remain unchanged.

Upon default in the payment of any one of the above installments or failure to comply with any of the conditions and agreements contained in the above-described note or assumption agreement or the instruments securing it, the Lender, at its option may declare the entire debt immediately due and payable and may take any other action authorized to remedy the default.

_Randall E. Walters_   Date _2-16-11_
Borrower

_Linda Walters_   Date _2-16-11_
Borrower

144/192

...of Kentucky, C... ...
I, Joyce G. Ro... ...of Adair County, do certify
that the foreg... ...ment was on the __5th__ day
of __August__ 13 __98__ at __10:40__ O'clock __A__ M
lodged for record in my office, where upon the same with this and
the foregoing certificate have been duly recorded in my office.
Given under my hand this __13__ day of __August__ 19 __98__
Joyce G. Rodgers, Adair County Clerk
By __Mack Glen__ DC

RECORDED IN __Mtg__ BOOK __144__
PAGE __192__

Please Return To:
FIRSTPLUS FINANCIAL, INC.
1600 VICEROY DRIVE
Dallas, TX 75235-2306

## MORTGAGE

Loan No.: ▮▮▮▮

THIS MORTGAGE is made this    15th    day of   May                1998
between the Mortgagor,   RUSSELL F. WALKER and LINDA WALKER, HUSBAND AND WIFE

(herein "Borrower"), and the Mortgagee,

FIRSTPLUS FINANCIAL, INC.

a corporation organized and existing under the laws of       TEXAS
whose address is   1600 VICEROY DRIVE, Dallas, TX 75235-4902

(herein "Lender").

WHEREAS, Borrower is indebted to Lender in the principal sum of U.S. $ 13,408.17
which indebtedness is evidenced by Borrower's note dated       May 15, 1998          and
extensions and renewals thereof (herein "Note"), providing for monthly installments of principal and interest,
with the balance of the indebtedness, if not sooner paid, due and payable on   May 20, 2023          ;

KENTUCKY - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT

▮▮▮-76(KY) (9704)          Form 3818
Page 1 of 7                Initials __RFW__
VMP MORTGAGE FORMS - (800)521-7291   __LSW__

DFL:8/5/98
TO:NATIONWIDE APPRAISAL (MAIL)

Exhibit M

193

TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with interest thereon; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Mortgage; and the performance of the covenants and agreements of Borrower herein contained, Borrower does hereby mortgage, grant and convey to Lender, with power of sale, the following described property located in the County of          ADAIR                    , State of Kentucky:

BEGINNING AT AN IRON PIPE AT THE BASE OF A POPLAR TREE IN THE OLD FENCE AND EXISTING PROPERTYLINE BETWEEN THE LANDS OF EDWARD HADLEY AND ROY GRANT; THENCE WITH NEW DIVISION LINES N 2 30 W 123 FEET TO A CONCRETE MARKER, A NEW MADE CORNER, S 84 25 W 233 FEET TO A CONCRETE MARKER, A NEW MADE CORNER, THENCE S 9 45 E 80 1/2 FEET TO A CONCRETE MARKER IN THE OLD LINE BETWEEN HADLEY AND GRANT, A NEW MADE CORNER; THENCE WITH SAID LINE S 84 35 E 224 TO PLACE OF BEGINNING, CONTAINING ONE-HALF ACRE MORE OR LESS, AS SURVEYED BY RALPH COLLINS, MAY 3, 1972.

Tax Parcel ID Number:
which has the address of    7302 KY HIGH 55, GLENS FORK          [Street, City],
Kentucky             42741          [Zip Code] (herein "Property Address");

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents, all of which shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property (or the leasehold estate if this Mortgage is on a leasehold) are hereinafter referred to as the "Property."

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal and Interest. Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

2. Funds for Taxes and Insurance. Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Mortgage and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an

-76(KY) (9704)                    Page 2 of 7                    Form 3816

 700

## EXHIBIT "A" – LEGAL DESCRIPTION

Situate in the County of Adair and Commonwealth of Kentucky, to-wit:

Beginning at an iron pipe at the base of a poplar tree in the old fence and existing property line between lands of Edward Hadley and Roy Grant; thence with new division lines North 2° 30' West 123 feet to a concrete marker, a new made corner, South 84° 25' West 233 feet to a concrete marker, a new made corner, thence South 9° 45' East 80 1/2 feet to a concrete marker in the old line between Hadley and Grant, a new made corner; thence with said line South 84° 35' East 224 feet to place of beginning, containing one-half acre, more or less, as surveyed by Ralph Collins, May 3, 1972.

Being the same property conveyed to Russell F. Walker and Linda Walker, husband and wife, who acquired title by Deed from Joel Daniel Loy and Margie Gail Loy, husband and wife, dated August 23, 1994, recorded August 23, 1994 at 1:45 p.m. in Deed Book 200, Page 505 of the Adair County Clerk's Records.

MAP #077-065

Property Address: 7302 KY High 55, Glens Fork, KY 42741

### ADAIR COUNTY

JUL 0 8 2008

# RECEIVED

STATE OF KENTUCKY
COUNTY OF ADAIR
    I, Sheila Blair, Clerk of the County for the County and State aforesaid, do hereby certify that the foregoing Lien was on 9th day of July, 2008 at 9:00 A.M. lodged for record; whereupon the same with the foregoing and this certificate have been duly recorded in my office.
        Witness my hand this 9th day of July, 2008.
            Sheila Blair, Clerk

            BY _Melissa Fletcher_ DC

**RECORDED IN LP BOOK 22**
**PAGE 699**

221 / 608

Recording Requested By and
Document Prepared by:
Challenge Financial Services LLC
Servicer for Challenge Realty, Inc.
1031 W. Morse Blvd, #160
Winter Park FL 32789

When Recorded Mail to:
T.D. Service Company
1820 E. First St., Suite 300
Santa Ana, CA 92705
Service#

NOTE: This assignment should be kept with the Note and Mortgage hereby assigned.

SPACE ABOVE FOR RECORDER'S USE

## Corporate Assignment of Mortgage

For Value Received, the undersigned holder of a Mortgage, (herein "Assignor") Challenge Realty, Inc. whose address is 2450 Chandler Avenue, Las Vegas NV 89120 does hereby grant, sell, assign, transfer, and convey, unto RESCOMM HOLDINGS NO.2, LLC, whose address is 5701 Carmel Road, Suite 200, Charlotte NC 28226 (herein "Assignee"), a certain Mortgage dated 8/15/2002 made and executed by Russell F. Walker and Linda Walker to Firstplus Financial, Inc.

Which Mortgage was recorded in Book/Reel/Liber/Volume 184 and/or Instrument _____ Page 192 Adair County Official Records, State of KY, together with the note(s) and obligations therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage. The property covered by said Mortgage is briefly described as follows:

TO HAVE AND TO HOLD the same unto Assignee, its successors and assigns, forever, subject only to the terms and conditions of the above-described Mortgage.

IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on January 16, 2004.

Witness                                     CHALLENGE REALTY, INC.

Witness                        BY: Barry Fulce, CEO of Challenge Realty, Inc.
                                    Authorized Officer

State of Florida
County of Orange

On January 16, 2004 before me, Janet M. Renner, personally appeared Barry Fulce, personally known to me or approved to me on the basis of satisfactory evidence to be the person whose name is/are subscribed to within instrument and acknowledged to me that his/her executed the same in his authorized capacity(ies) and that his signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Notary Public: Janet M. Renner

STATE OF KENTUCKY            — Walker, Russell
COUNTY OF ADAIR

I, Ann Melton, Clerk of the County for the County, and State aforesaid, do hereby certify that the foregoing Assignment was on the 27th day of May, 2004 at 1:30p.m. lodged for record; whereupon the same with the foregoing and this certificate have been duly recorded in my office.

Witness my hand this 27th day of May, 2004.

Ann Melton, Clerk

BY: _____ DC

RECORDED IN MTG BOOK 221
PAGE 608

Exhibit N

263/361

Space above for Recorder's use

Recording Requested By: T.D. SERVICE COMPANY

**SEND ANY NOTICES TO ASSIGNEE**

And When Recorded Mail To: T.D. Service Company 1820 E. First St., Suite 300 Santa Ana, CA 92705

Customer~~███~~ Service#: ~~███████~~ ‖║‖║‖║‖║‖║‖║+

Loan#: ~~██████~~

## ASSIGNMENT OF DEED OF TRUST

For good and valuable consideration, the sufficiency of which is hereby acknowledged, RESCOMM HOLDINGS, LLC, 6701 CARMEL ROAD, STE 110 CHARLOTTE NC 28226-0000. By these presents does convey, grant, bargain, sell, assign, transfer and set over to: UM CAPITAL LLC, 6701 CARMEL ROAD, STE 110 CHARLOTTE NC 28226-0000. The described Mortgage, together with the certain note(s) described therein with all interest, all liens, and any rights due or to become due thereon. Said Mortgage for $13,408.17 is recorded in the State of KENTUCKY, County of ADAIR Official Records, dated MAY 15, 1998 and recorded on AUGUST 05, 1998, as Instrument No. —, in Book No. 144, at Page No. 192.

Original Grantor (Mortgagor): RUSSELL F. WALKER AND LINDA WALKER, HUSBAND AND WIFE.
Original Grantee (Mortgagee): FIRSTPLUS FINANCIAL, INC..
Date: 3-30-07

RESCOMM HOLDINGS, LLC

By: *Priscilla T. Blake*
Priscilla T. Blake, Assistant Manager/Entity

State of **NORTH CAROLINA** )
County of **MECKLENBURG** ) ss.

On 3-30-07 before me, Saundra T. Evans, a Notary Public, personally appeared Priscilla T. Blake personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
Witness my hand and official seal.

*Saundra T Evans*
(Notary Name): Saundra T. Evans

┌─────────────────────────┐
│   SAUNDRA T EVANS        │
│   NOTARY PUBLIC          │
│   Mecklenburg County     │
│   North Carolina         │
│   My Commission Expires April 19, 2009 │
└─────────────────────────┘

PREPARED BY: T.D. Service Company, 1820 E. First St., Suite 300
Santa Ana, CA 92705

x *Jennifer Fuentes*
JENNIFER R FUENTES

STATE OF KENTUCKY
COUNTY OF ADAIR
I, Sheila Blair, Clerk of the County for the County and State aforesaid, do hereby certify that the foregoing Assignment of Mortgage was on the 11th day of April, 2007 at 9:45 A.M. lodged for record; whereupon the same with the foregoing and this certificate have been duly recorded in my office.
Witness my hand this 11th day of April, 2007.
Sheila Blair, Clerk

BY *Melissa Fletcher* DC

RECORDED IN MTG BOOK 263
PAGE 361

263/362

_____ Space above for Recorder's use _____

Recording Requested By: T.D. SERVICE COMPANY

SEND ANY NOTICES TO ASSIGNEE

And When Recorded Mail To: T.D. Service Company 1820 E. First St., Suite 300 Santa Ana, CA 92705
MERS MIN#: ▓▓▓▓▓▓▓▓▓    PHONE#: (888) 679-6377
Customer#: ▓▓  Service#: ▓▓▓▓▓▓▓   ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
Loan#: ▓▓▓▓▓

## ASSIGNMENT OF DEED OF TRUST

For good and valuable consideration, the sufficiency of which is hereby acknowledged, UM CAPITAL LLC, 6701 CARMEL ROAD, STE 110 CHARLOTTE NC 28226-0000. By these presents does convey, grant, bargain, sell, assign, transfer and set over to: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC, ITS SUCCESSORS AND ASSIGNS, 1595 SPRING HILL RD, SUITE 310 VIENNA VA 22182-0000. The described Mortgage, together with the certain note(s) described therein with all interest, all liens, and any rights due or to become due thereon. Said Mortgage for $13,409.17 is recorded in the State of KENTUCKY, County of ADAIR Official Records, dated MAY 15, 1998 and recorded on AUGUST 05, 1998, as Instrument No. —, in Book No. 144, at Page No. 192.

Original Grantor (Mortgagor): RUSSELL F. WALKER AND LINDA WALKER, HUSBAND AND WIFE.
Original Grantee (Mortgagee): FIRSTPLUS FINANCIAL, INC..
Date: 3-30-07
UM CAPITAL LLC

By: *Priscilla T Blake*
Priscilla T. Blake, Assistant Manager/Entity

State of     NORTH CAROLINA        )
County of    MECKLENBURG           )  ss.

On 3-30-2007, before me, Saundra T. Evans, a Notary Public, personally appeared   Priscilla T. Blake  personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
Witness my hand and official seal.

*Saundra Evans*
(Notary Name): Saundra T. Evans

SAUNDRA T EVANS
NOTARY PUBLIC
Mecklenburg County
North Carolina
My Commission Expires April 18, 2009

PREPARED BY: T.D. Service Company, 1820 E. First St., Suite 300
Santa Ana, CA  92705

*Jennifer Ormand*
JENNIFER R FUENTES

STATE OF KENTUCKY
COUNTY OF ADAIR
    I, Sheila Blair, Clerk of the County for the County and State aforesaid, do hereby certify that the foregoing Assignment of Mortgage was on the 11th day of April, 2007 at 9:45 A.M. lodged for record; whereupon the same with the foregoing and this certificate have been duly recorded in my office.
        Witness my hand this 11th day of April, 2007.
                Sheila Blair, Clerk

            BY *Melissa Hatcher*  DC

RECORDED IN MTG BOOK 263
PAGE 362

300/282

—SEND ANY NOTICES TO ASSIGNEE—
SN SERVICING CORPORATION
323 FIFTH STREET
EUREKA, CA 95501
When Recorded Return to:
T.D. Service Company – SNSC
1820 E. First St., Suite 300    **ASSIGNMENT OF MORTGAGE**
Santa Ana, CA 92705

Date of Assignment:   October 14, 2011

Assignee:   Wilmington Savings Fund Society, FSB, (successor by merger to Christiana Bank & Trust Company), as Owner Trustee of the Security National Funding Trust

Address:   323 Fifth Street, Eureka, CA 95501

Assignor:   Mortgage Electronic Registration Systems, Inc., its successors and assigns
Address:   P.O. Box 2026, Flint, MI 48501

Mortgagor/Grantor:   Russell F. Walker and Linda Walker, husband and wife

Mortgagee/Grantee:   Firstplus Financial, Inc.

Date of Mortgage:   May 15, 1998
Recording date:   August 5, 1998
County of Recording:   Adair, Kentucky
Instrument No.:   Book 144 and Page 192

KNOW ALL MEN BY THESE PRESENTS that in consideration of the sum of ONE AND NO/100ths DOLLARS and valuable consideration, paid to the above named assignor, the receipt and sufficiency of which is hereby acknowledged, the said assignor hereby assigns unto the above named assignee, the said Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), together with the Note or Notes or other evidence of Indebtedness (the "note"), said Note having an original principal sum of Thirteen Thousand Four Hundred Eight and 17/100 Dollars ($13,408.17), together with interest, secured thereby, together with all moneys now owing or that may hereafter become due or owing in respect thereof, and the full benefit of all the powers and of all the covenants and provisos therein contained, and the said assignor hereby grants and conveys unto the said assignee, the assignor's beneficial interest under the Security Instrument which constitutes a lien on the following described property:

Beginning at an iron pipe at the base of a poplar tree in the old fence and existing property line between the lands of Edward Hadley and Roy Grant; thence with new division lines N 2 30 W 123 feet to a concrete marker, a new made corner, S 84 25 W 233 feet to a concrete marker, a new made corner, thence S 9 45 E 80 ½ feet to a concrete marker in the old fine between Hadley and Grant, a new made corner; thence with said line S 84 35 E 224 to place of beginning, containing one-half acre more or less, as surveyed by Ralph Collins, May 3, 1972.

Walker/KY
MIM:
MERS PHONE: 1-888-679-6377

300/283

**TO HAVE AND TO HOLD** the said Security Instrument and Note, and also the said property unto the said assignee forever, subject to the terms contained in said Security Instrument and Note.

**IN WITNESS WHEREOF,** the assignor has executed these presents on October 14, 2011

Attest:

Witness: Brandi Fyfe

Witness: Katie Ellebrecht

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.

By:

BARBARA COLLINS
Its: ASSISTANT SECRETARY

## ACKNOWLEDGMENT

State of California

County of Humboldt

On October 14, 2011, before me, Carolyn Van Aalst, Notary Public, personally appeared Barbara Collins, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

[SEAL]

Notary Public Carolyn Van Aalst
My Comm. Expires June 03, 2015

CAROLYN VAN AALST
Commission # 1939458
Notary Public - California
Humboldt County
My Comm. Expires Jun 3, 2015

Walker/KY
MIN:
MERS PHONE: 1-888-679-6377

RECEIVED
ADAIR CO CLER'
OCT 26 2011
TIME: 4:03 p.m.
FEE:

4112/2
Filed on: 10/27/2011 9:31:37 AM
Book: MORTGAGE Number: JW5
Pages: 282 - 283
Sheila Blair Adair County
DC: MELISSA FLETCHER
Deed Tax: $98.00

307/286

_____ Space above for Recorder's use _____

Recording Requested By: T.D. SERVICE COMPANY

And When Recorded Mail To: T.D. Service Company 1820 E. First St., Suite 300 Santa Ana, CA 92705

Customer#: ████ Service#: ████  ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖+

Loan#: ████████

## ASSIGNMENT OF DEED OF TRUST

For good and valuable consideration, the sufficiency of which is hereby acknowledged, WILMINGTON SAVINGS FUND SOCIETY, FSB, (SUCCESSOR BY MERGER TO CHRISTIANA BANK & TRUST COMPANY), AS OWNER TRUSTEE OF THE SECURITY NATIONAL FUNDING TRUST, C/O SN SERVICING CORPORATION 323 FIFTH STREET, EUREKA, CA 95501-0000. By these presents does convey, grant, bargain, sell, assign, transfer and set over to: U.S. BANK NATIONAL ASSOCIATION, AS COLLATERAL AGENT FOR NOTEHOLDERS OF SN LIQUIDATING TRUST 2011-A, ONE FEDERAL STREET, 3RD FLOOR, BOSTON, MA 02110-0000. The described Mortgage, together with the certain note(s) described therein with all interest, all liens, and any rights due or to become due thereon. Said Mortgage for $13,408.17 is recorded in the State of KENTUCKY, County of ADAIR Official Records, dated MAY 15, 1998 and recorded on AUGUST 05, 1998, as Instrument No. —, in Book No. 144, at Page No. 192. Original Grantor (Mortgagor): RUSSELL F. WALKER AND LINDA WALKER, HUSBAND AND WIFE. Original Grantee (Mortgagee): FIRSTPLUS FINANCIAL, INC..

Date: 1-6-12

WILMINGTON SAVINGS FUND SOCIETY, FSB, (SUCCESSOR BY MERGER TO CHRISTIANA BANK & TRUST COMPANY), AS OWNER TRUSTEE OF THE SECURITY NATIONAL FUNDING TRUST BY: SN SERVICING CORPORATION, ITS ATTORNEY IN FACT

By: _____

Julie M. Kidder, Assistant Secretary

State of    **CALIFORNIA**          )
County of  **ORANGE**            ) ss.

On 1-6-12 , before me, J. Fuentes, a Notary Public, personally appeared  Julia M. Kidder , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

Witness my hand and official seal.

_____

(Notary Name): J. Fuentes

J. FUENTES
COMM. # 1911235
NOTARY PUBLIC CALIFORNIA
ORANGE COUNTY
My comm. expires Nov. 19, 2014

PREPARED BY: T.D. Service Company, 1820 E. First St., Suite 300
Santa Ana, CA 92705



JENNIFER R FUENTES

RECEIVED
ADAIR CO. CLERK

JAN 1 : 2012

TIME:
M

414856
Filed on 1/18/2012 9:40:38 AM
Books MORTGAGE Numbers 307
Pages: 286 - 286
Sheila Blair ,Adair County
DC: MELISSA FLETCHER
Deed Tax:$0.00

DEC.11/16/2012 TO: T.D. SERVICE COMPANY (MAIL)

355/577

---SEND ANY NOTICES TO ASSIGNEE---

**When Recorded Return To:**
VAK Capital LLC/Rochelle Bevelot
P.O. Box 458
Kimberling City, MO 65686
Ref#:

## JNMENT OF MORTGAGE

Date of Assignment:   September 5, 2014

Assignee:   VAK M8 Fund, LLC
Address:   224 East Jericho Turnpike, South Huntington, NY 11746

Assignor:   U.S. Bank National Association, as Collateral Agent for Noteholders
of SN Liquidating Trust 2011-A
Address:   323 Fifth Street, Eureka, CA 95501

Mortgagor/Grantor:   Russell F. Walker and Linda Walker, husband and wife
Mortgagee/Grantee:   Firstplus Financial, Inc.
Date of Mortgage:   May 15, 1998
Recording date:   August 5, 1998
County of Recording:   Adair, Kentucky
Instrument No.:   Book 144 and Page 192

**KNOW ALL MEN BY THESE PRESENTS** that in consideration of the sum of ONE AND NO/100ths DOLLARS and valuable consideration, paid to the above named assignor, the receipt and sufficiency of which is hereby acknowledged, the said assignor hereby assigns unto the above named assignee, the said Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), together with the Note or Notes or other evidence of indebtedness (the "note"), said Note having an original principal sum of Thirteen Thousand Four Hundred Eight Dollars and 17/100 ($13,408.17), together with interest, secured thereby, together with all moneys now owing or that may hereafter become due or owing in respect thereof, and the full benefit of all the powers and of all the covenants and provisos therein contained, and the said assignor hereby grants and conveys unto the said assignee, the assignor's beneficial interest under the Security Instrument which constitutes a lien on the following described property:

BEGINNING AT AN IRON PIPE AT THE BASE OF A POPLAR TREE IN THE OLD FENCE AND EXISTING PROPERTYLINE BETWEEN THE LANDS OF EDWARD HADLEY AND ROY GRANT; THENCE WITH NEW DIVISION LINES N 2 30 W 123 FEET TO A CONCRETE MARKER, A NEW MADE CORNER, S 84 25 W 233 FEET TO A CONCRETE MARKER, A NEW MADE CORNER, THENCE S 9 45 E 80 1/2 FEET TO A CONCRETE MARKER IN THE OLD LINE BETWEEN HADLEY AND GRANT, A NEW MADE CORNER; THENCE WITH SAID LINE S 84 35 E 224 TO PLACE OF BEGINNING, CONTAINING ONE-HALF ACRE MORE OR LESS, AS SURVEYED BY RALPH COLLINS, MAY 3, 1972.

**TO HAVE AND TO HOLD** the said Security Instrument and Note, and also the said property unto the said assignee forever, subject to the terms contained in said Security Instrument and Note.

25/578

IN WITNESS WHEREOF, the assignor has executed these presents on September 5, 2014.

Attest:

U.S. BANK NATIONAL ASSOCIATION,
AS COLLATERAL AGENT FOR
NOTEHOLDERS OF SN LIQUIDATING
TRUST 2011-A
BY SN SERVICING CORPORATION, ITS
ATTORNEY IN FACT

Robin Bostwick, Witness

Angela Solorzano, Witness

By: _____

MICHAEL WILLCUTT

Its:    VICE PRESIDENT

## ACKNOWLEDGEMENT

STATE OF CALIFORNIA            )ss.

COUNTY OF HUMBOLDT

On September 5, 2014 before me, Carolyn van Aalst, Notary Public, personally appeared Michael Willcutt, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

[Seal]

CAROLYN VAN AALST
Commission # 1939458
Notary Public - California
Humboldt County
My Comm. Expires Jun 3, 2015

Notary Public
My Comm. Expires:  June 3, 2015

Document prepared by:

Carolyn van Aalst
SN Servicing Corporation
323 Fifth Street
Eureka, CA  95501

RECEIVED
ADAIR COUNTY

SEP 3 0 2017

PAGE _____
TIME ___11:00 am___

449061
Filed on:10/02/2017 10:21:40 AM
Book: MORTGAGE Number: 355
Pages: 577 - 578
Lisa Greer ,Adair County
DC: SHEILA BOYER
Deed Tax:60.00



EXHIBIT

E

35/251

**COMMONWEALTH OF KENTUCKY**
**ADAIR DISTRICT COURT**
**DIVISION ___**
**CIVIL ACTION NO. 17-C-00105**

BLUEGRASS CELLULAR, INC.                                    PLAINTIFF

vs.                    **NOTICE OF JUDGMENT LIEN**

LINDA WALKER                                              DEFENDANT

   Comes the undersigned and hereby gives notice that Bluegrass Cellular, Inc., 2902 Ring

Road, Elizabethtown, KY 42701, has obtained Judgment against Linda Walker in the above-

captioned civil action in the principal amount of $2,731.04 with interest thereon at the rate of 6%

per annum until paid, plus its court costs and the further sum of $682.76 in attorney fees, and this

Notice constitutes a statutory lien pursuant to KRS 426.720 against all real estate located in Adair

County, Kentucky, in which Linda Walker has any ownership interest.

**NOTICE TO JUDGMENT DEBTOR: YOU MAY BE ENTITLED TO AN EXEMPTION**

**UNDER KRS 427.060, REPRINTED BELOW. IF YOU BELIEVE YOU ARE ENTITLED**

**TO ASSERT AN EXEMPTION SEEK LEGAL ADVICE.**

   KRS 427.060: "In addition to any exemption of personal property, an individual debtor's

aggregate interest, not to exceed five thousand dollars ($5,000.00) in value, in real or personal

property that such debtor or a dependent of such debtor uses as a permanent residence in this state,

or in an burial plot for such debtor or a dependent of such debtor is exempt from sale under

execution, attachment or judgment, except to foreclose a mortgage given by the owner of a

homestead or for purchase money due thereon. This exemption shall not apply if the debt or liability

existed prior to the purchase of the property or the erection of the improvements thereon."

   The undersigned certifies that a copy of this Notice of Judgment Lien on Real Estate has been

Del: 8-5-17
To: Reguer (mail)

Exhibit D

35) 252

· Tendered        17-C-0        07/27/2017        Dennis Loy, A    Circuit Clerk

ELECTRONICALLY FILED
COMMONWEALTH OF KENTUCKY
ADAIR DISTRICT COURT
DIVISION ___
CIVIL ACTION NO. 17-C-00105

BLUEGRASS CELLULAR, INC.                                    PLAINTIFF

vs.                        DEFAULT JUDGMENT

LINDA WALKER                                               DEFENDANT

Upon the motion of the Plaintiff, Bluegrass Cellular, Inc., by counsel, for a Default Judgment against the Defendant, Linda Walker, and the Court being otherwise sufficiently advised, IT IS HEREBY ORDERED AND ADJUDGED as follows:

1.    The Defendant, Linda Walker, is before this Court by means of personal service, which service was accomplished on June 20, 2017.

2.    The Court finds that the allegations contained in the Complaint are true.

3.    That the Plaintiff, Bluegrass Cellular, Inc., is hereby awarded a Judgment against the Defendant, Linda Walker, in the principal amount of $2,731.04 with interest thereon at the rate of 6% per annum from the date of judgment until paid, and the further sum of $682.76 in attorney fees, and its court costs incurred herein, for all of which execution, including the filing of judgment liens, may issue forthwith.

4.    This is a final and appealable Judgment and there is no just reason for delay of its entry herein.

This ____ day of 7-27 , 2017.

JUDGE, ADAIR DISTRICT COURT

TENDERED BY:

RUSSELL SIZEMORE
STEPHEN W. VAN ZANT
BELL, HESS & VAN ZANT, PLC
2819 Ring Road, PO Box 844
Elizabethtown, KY 42702-0844
(270) 737-0653 Phone (270) 737-4790 Fax
*Attorney for Plaintiff*
svanzant@blvzlaw.com

Tendered        17-C-00106        07/27/2017

ENTERED
DENNIS LOY, CLERK
JUL 27 2017
ADAIR CIRCUIT/DISTRICT COURTS
BY:                        D.C.

Dennis Loy, Adair Circuit Clerk

35/ 253

hand-delivered or mailed by regular first class mail, postage prepaid to the last known address of

Linda Walker or the attorney of record for said Defendant(s) in accordance with KRS 426.720.

   This August 25, 2017.

                                    STEPHEN W. VAN ZANT

STATE OF KENTUCKY

COUNTY OF HARDIN

   I hereby certify that the foregoing was subscribed, sworn to, and acknowledged before me
on August 25, 2017 by Stephen W. Van Zant.

                                    NOTARY PUBLIC, State-at-Large - 535513
                                    My Commission Expires:  07/05/2019

PREPARED BY:

STEPHEN W. VAN ZANT
BELL, HESS & VAN ZANT, PLC
2819 Ring Road, Suite 101, PO Box 844
Elizabethtown, KY  42702-0844
(270) 737-0653
Email: svanzant@bhvzlaw.com

## FEDERAL FAIR DEBT COLLECTION PRACTICES ACT NOTICE

This is an attempt to collect a debt and any information obtained will be used for that purpose.

RECEIVED
ADAIR COUNTY

SEP 05 2017

NAME
TIME  10:05 A

449424
Filed on:09/05/2017 11:05:03 AM
Book: LIS PENDENS Number: 35
Pages: 251 - 253
Lisa Greer ,Adair County
BC: SHEILA HAYES
Deed Tax:$0.00

# United States District Court

WESTERN _____ DISTRICT OF _____ KENTUCKY _____
AT OWENSBORO

United States of America

v.

Russell F. Walker, et al.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:  1:19-cv-159-GNS

TO:    (Name & Address of Defendant)

RUSSELL F. WALKER
7302 Kentucky Highway 55 South
Columbia, KY 42728

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

William F. Campbell
Assistant U.S. Attorney
United States Attorney's Office
717 West Broadway
Louisville, KY  40202

an answer to the complaint which is herewith served upon you, within _____ twenty-one (21) _____ days after service of
this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against
you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a
reasonable period of time after service.

_____        _____10/31/2019_____
CLERK                                                                    DATE

_/s/Jessie W. Mercer_____
(BY) DEPUTY CLERK

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

Check one box below to indicate method of service

☐ Served personally upon the defendant.  Place where served:
_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age
and
discretion then residing therein.  Name of person with whom the summons and complaint were left:
_____
_____

☐ Returned unexecuted:
_____
_____
_____

☐ Other (specify):
_____
_____
_____

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on _____        _____
Date                                Signature of Server

_____

[1]    As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

# United States District Court

_____WESTERN_____ DISTRICT OF _____KENTUCKY_____
AT OWENSBORO

United States of America                    SUMMONS IN A CIVIL CASE

                                    CASE NUMBER:   1:19-cv-159-GNS

                v.

Russell F. Walker, et al.

TO:       (Name & Address of Defendant)

        LINDA WALKER
        7302 Kentucky Highway 55 South
        Columbia, KY 42728

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

        William F. Campbell
        Assistant U.S. Attorney
        United States Attorney's Office
        717 West Broadway
        Louisville, KY  40202

an answer to the complaint which is herewith served upon you, within _____twenty-one (21)_____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____          ____10/31/2019_____
CLERK                                         DATE


__/s/Jessie W. Mercer_____
(BY) DEPUTY CLERK

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

Check one box below to indicate method of service

☐ Served personally upon the defendant.  Place where served:

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age
and
discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐ Returned unexecuted:

_____
_____
_____

☐ Other (specify):

_____
_____
_____

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service of Service Fees is true and correct.


Executed on _____        _____
　　　　　　　　　　Date                                                Signature of Server


_____

[1] As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

# United States District Court

<u>WESTERN</u>      DISTRICT OF    <u>KENTUCKY</u>

AT OWENSBORO

United States of America

SUMMONS IN A CIVIL CASE

CASE NUMBER:   1:19-cv-159-GNS

v.

Russell F. Walker, et al.

TO:     (Name & Address of Defendant)

FIRSTPLUS FINANCIAL INC.
SERVE: Any Responsible Officer
1600 Victory Drive
Dallas, TX 752352302

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

William F. Campbell
Assistant U.S. Attorney
United States Attorney's Office
717 West Broadway
Louisville, KY  40202

an answer to the complaint which is herewith served upon you, within _____ twenty-one (21) _____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____        10/31/2019_____
CLERK                                   DATE

__/s/Jessie W. Mercer_____
(BY) DEPUTY CLERK

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

Check one box below to indicate method of service

☐ Served personally upon the defendant.  Place where served:

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age

and    discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐ Returned unexecuted:

_____
_____
_____

☐ Other (specify):

_____
_____
_____

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on    _____        _____
                              Date                                          Signature of Server

---

[1] As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

# United States District Court

_____WESTERN_____          DISTRICT OF _____KENTUCKY_____
AT OWENSBORO


United States of America                    SUMMONS IN A CIVIL CASE

                                            CASE NUMBER:  1:19-cv-159-GNS


                v.


Russell F. Walker, et al.


TO:        (Name & Address of Defendant)

        VAK M8 FUND LLC
        SERVE: Any Responsible Officer
        224 East Jerico Turnpike
        South Huntington, NY 11746


YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name & address)


        William F. Campbell
        Assistant U.S. Attorney
        United States Attorney's Office
        717 West Broadway
        Louisville, KY  40202


an answer to the complaint which is herewith served upon you, within _____twenty-one (21)_____ days after service of
this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against
you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a
reasonable period of time after service.


_____          _10/31/2019_____
CLERK                                      DATE


 _/s/Jessie W. Mercer_____
(BY) DEPUTY CLERK

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

Check one box below to indicate method of service

☐ Served personally upon the defendant.  Place where served:

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and

discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐ Returned unexecuted:

_____
_____
_____

☐ Other (specify):

_____
_____
_____

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on    _____          _____
                        Date                                          Signature of Server

---

[1]        As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

# United States District Court

_____WESTERN_____ DISTRICT OF _____KENTUCKY_____
AT OWENSBORO

United States of America

### SUMMONS IN A CIVIL CASE

CASE NUMBER:

v.

Russell F. Walker, et al.

TO:    (Name & Address of Defendant)

BLUEGRASS CELLULAR, INC.
SERVE: Bell, Hess & Van Zant, PLC
2819 Ring Road, PO Box 844
Elizabethtown, KY  42702-0844
Attorney for Judgment Creditor

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

William F. Campbell
Assistant U.S. Attorney
United States Attorney's Office
717 West Broadway
Louisville, KY  40202

an answer to the complaint which is herewith served upon you, within _____twenty-one (21)_____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK

_____
DATE

_____
(BY) DEPUTY CLERK

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

Check one box below to indicate method of service

☐   Served personally upon the defendant.  Place where served:

_____

☐   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age

and   discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐   Returned unexecuted:

_____
_____
_____

☐   Other (specify):

_____
_____
_____

---

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|

### DECLARATION OF SERVER

      I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on   _____     _____
                 Date                               Signature of Server

---

[1]   As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure